The Chancellor.
The defendant, Parkhurst, having been arrested for a contempt of court, by an alleged breach of *434 the injunction granted in this case, and being under recognizance, now moves an order for his discharge, upon the ground that he has purged the contempt.
Interrogatories were exhibited and answered by the defendant, and depositions of wituesses taken by both parties, upon notice and without the order of the court. On the hearing, a question was raised by the counsel of the complainant, as to the admissability of the depositions taken on the part of the defendant, and it was insisted that the defendant is confined to his answers to the interrogatories exhibited to him, and eannot examine witnesses to exculpate himself from the charge-The depositions were admitted, subject to the opinion of the court, on further consideration.
On examining the point raised upon the admissability of the depositions taken on the part of the defendant, I am satisfied that it is proper they should be read.
The party alleging a contempt of court by breach of an injunction, must make it out clearly to the satisfaction of the court. To do this he may examine the party accused upon interrogatories, and use the answers as proof. If the accused deny the contempt, or do not clearly show it in his answers, the prosecutor may, as C! of course,” examine witnesses to prove it. This, I think, is proper, as well upon principle as by authority. In addition to Blaekstone's Com. 288, and 1 Com. Dig. 599, cited by the counsel of the complainant, we have other author-ties, and particularly that of Newland’s Ch. Pr. 392, explicitly directing this course»
The depositions on the part of the defendant, it seems, in England are to be taken by leave of the court. Should that practice be adopted here, the depositions on the part of the defendant were properly read, as the court will generally sanction what it would have ordered, if no prejudice to the other party arise from it.
As to the merits. The object of the injunction is to prevent my injury to the complainant, by the obstruction of the water flowing along the tail-race of his mill, or exposing it to obst>-uc *435 tion from tbe Passaic river, by breaking down or injuring the embankment between the race and the river.
It was not to prevent the defendant from making a proper use of his own premises, nor from working in the race or along the embankment, so that he did not obstruct the water or injure the embankment, or render it less adequate to the purposes for which it was constructed.
The command of the injunction must be implicitly obeyed but it is the spirit, and not the letter of the command, to which ■obedience is required.
The answers of the defendant to the interrogatories, clearly deny any contempt, either by obstructing the water-course, oj injuring the embankment.
It is true that the stone foundation at the south-west cornel of the defendant’s mill, was put in the stream ; but it was done, as he says, in his absence, contrary to his directions, and with the consent of the complainant, as he was informed. If so, this is no breach of the injunction.
Three posts were placed longitudinally in the stream, and two posts, part of the lrame-work for the wheel, were also placed there; but from the answers of the defendant and the weight of the testimony of the witnesses, they do not appear to have obstructed the stream. Whether this is to be attributed to the enlarging of the race, or the deepening of it, or to any ■other cause, the evidence is not such as to authorize the conclusion that the stream has been obstructed and the water backed upon the complainant’s wheel.
The embankment was also cut away in enlarging the raceway ; but it does not appear that it was thereby injured, or rendered less adequate to keep out the waters of the Passaic river, or that the complainant was more exposed to injury from back water.
I conclude, therefore, that the defendant has fully denied the contempt, and that the complainant has failed to prove it. against him, and I adjudge and direct that the defendant be discharged from his recognizance.
*436 This being in the nature of a criminal proceeding, costs are not usually allowed, and should not be in this case: Rex. v Plunkett, 3 Burr. 1329.
The defendant, by working at all in the stream, exposed himself to censure. A more prudent course would hare been, to ask a modification of the injunction, or such a construction of its terms as would have enabled him to do the work he wished, without the hazardous experiment which he has made.
The complainant had reason to think he had cause of ccm plaint, although he may hare mistaken the cause of the injury o-f which he complained. He is not to be regarded as making a vexatious and wholly ill-grounded complaint, although the strong and aggravatad case represented in the depositions on which the order for attachment was founded, is not made out on the present hearing.