# Case No. 4,019.

## DOUBLEDAY v. SHERMAN et al.

### [6 Blatchf. 513.][1]

Circuit Court, S. D. New York.   July 13, 1869.

JUDGMENT — OPENING DECREE IN PATENT CASE— LACHES.

Where a defendant, in a suit in equity for the infringement of a patent, is advised of a decree against him therein, for a perpetual injunction, made on final hearing, and pays in full an execution issued for the taxed costs awarded to the plaintiff by the decree, and neglects, for eleven months after making such payment, to move to open the decree to let in a defence, it is too late for him to do so.

This was a motion to dissolve the perpetual injunction issued in this case, and open the decree made therein on final hearing, to let in the defendants to defend. The suit was a suit in equity [by William E. Doubleday against Frederick Sherman and Herman M. Boas] for the infringement of letters patent.

Daniel S. Riddle, for plaintiff.
Charles B. Stoughton, for defendants.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

# Case No. 4,020.

## DOUBLEDAY et al. v. SHERMAN et al. (two cases).

### [8 Blatchf. 45; 4 Fish. Pat. Cas. 253.][1]

Circuit Court, S. D. New York.   Oct. 18, 1870.

INJUNCTIONS—PENALTY FOR VIOLATION — FEES IN CONTEMPT PROCEEDINGS.

1. Solicitors' and counsel's fees and disbursements, incurred by the plaintiff, through the resistance of the defendant to an application for an attachment against the defendant for a contempt of court in violating an injunction, and in the course of proceedings before a master on a reference to take testimony as to such violation, allowed, as part of the fine imposed on the defendant as a punishment for such contempt, the violation of the injunction being established, and shown to be wilful, although the master reported that the extent of the violation was not shown by the proofs before him.

[Cited in Searls v. Worden, 13 Fed. 717.]

2. The punishment limited to a fine of the amount of such fees and disbursements and the taxed costs, and commitment until payment.

[Cited in Fischer v. Hayes, 6 Fed. 75; Hendryx v. Fitzpatrick, 19 Fed. 812; Kirk v. Milwaukee Dust Collector Manuf'g Co., 26 Fed. 508.]

3. A defendant who desires to mitigate the pecuniary fine to be imposed for a contempt of court, should present his inability to respond in a manner free from all question.

[This was an attachment for a contempt in violating the injunctions heretofore granted in two cases. See Doubleday v. Sherman [Cases Nos. 4,021 and 4,022]. The question related to the extent of punishment to be awarded.][2]

Daniel S. Riddle, for plaintiffs.
Edwin W. Stoughton, for defendant Boas.

BLATCHFORD, District Judge. The question in these cases is as to the extent of punishment to be awarded against the defendant Boas, for his contempt of court in violating the injunctions issued by the court. It is not contended that he ought not to pay the taxed costs, which are $979.41; but, opposition is made to the item of $2,723.70, for solicitors' and counsel's fees and disbursements, as ascertained and adjusted by the clerk under the order of the court. The incurring of such fees and disbursements was made necessary by the resistance which the defendant Boas made to the application for the attachment, and in the course of the proceedings before the master on the reference to take testimony as to the violation of the injunctions. The fact of the violation is established, and that it was wilful, although the master reports that the extent of the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 8 Blatchf. 45, and the statement is from 4 Fish. Pat. Cas. 253.]

[2] [From 4 Fish. Pat. Cas. 253.]

violation was not shown by the proofs offered before him. The fact that the extent of the violation is not shown, that is, the extent to which the plaintiffs were injured by the violation, is not a good reason for withholding the allowance of counsel fees and disbursements, which were made necessary to establish the violation itself, although it is a good reason for not imposing on the defendant a further pecuniary fine by way of indemnity to the plaintiffs. The only doubt I have had is as to whether a fine or imprisonment ought not to be imposed, beyond the costs, counsel fees and disbursements, because of the wilful character of the violation of the injunctions, and to vindicate the process of the court, aside from such indemnity as is afforded to the plaintiffs. But, upon the whole, as the extent of the violation is not shown, so that the court could have some guide furnished thereby as to the proper amount of punishment to be meted out for the wilful character of the violation, I think that the proper decree will be, that the defendant Boas pay, as a fine for the contempt, the $3,703.11, and that that sum be awarded to the plaintiffs, towards indemnifying them, the defendant to stand committed until the sum is paid by him.

On the hearing of the case, an affidavit was presented, sworn to by the defendant Boas, on the 20th of September, 1870, in which he set forth that the only property which he then owned was $350 worth of furniture, and $26.93 in money, and a watch worth $100, and that he was not then able to pay as much as $3,700 if ordered to do so, and did not then believe he could raise as much as that amount. This affidavit was furnished with a view to affect the decision of the court as to the imposition on the defendant Boas of a pecuniary fine. But, it appears, that the defendant Boas, on the 15th of September, 1870, five days before the making of the affidavit referred to, executed two bonds, one in each of these suits, to the marshal of this district, to secure his release from custody on his arrest on the attachments issued herein, and swore to an affidavit on each of such bonds, setting forth that he was then worth the sum of $5,000 over and above all his debts and liabilities and property exempt by law from execution. If the affidavits of the 15th and the affidavit of the 20th were all of them true, it follows, that the affiant must have disposed, during the five days, of the property which he had on the 15th. Whether that was the fact, or whether the affidavits of the 15th were untrue and that of the 20th true, or whether the affidavits of the 15th were true and that of the 20th untrue, is not properly a subject of inquiry demanding a solution. The defendant, if desirous of mitigating the pecuniary fine to be imposed, should have presented his inability to respond in a manner leaving it free from all question.