O'Rourke v. Cleveland.

---

JOHN O'ROURKE, appellant,

*v.*

TREADWELL CLEVELAND, respondent.

1. The payment of a counsel fee cannot be imposed upon a party, held in contempt by the court of chancery, as a punishment.

2. A party in contempt cannot be adjudged to pay costs and counsel fee, and then to await further punishment to be imposed at a future period, if the court shall think proper.

On appeal from an order advised by Vice-Chancellor Pitney, as follows:

This matter being opened to the court, in the presence of Bedle, Muirheid, McGee & Bedle, Jr., the counsel with the complainant, and Albert P. Condit and John W. Taylor, esquires, for defendant, and it appearing that an order was entered in this cause on the 15th day of October last requiring the defendant to show cause on the 26th day of October last why he should not be adjudged guilty of contempt, and suitably punished by com-

mitment to the common jail of Essex county, or otherwise, as for a contempt of this court in disobeying the final decree made in this cause on the 24th day of December, 1890, in the particulars set forth in the petition on which said order to show cause was founded, which petition is on file in this proceeding, and that said defendant has filed his answer to said petition and has been heard personally before the court, and depositions having been taken, and said Albert P. Condit and John W. Taylor, esquires, of counsel with the defendant, having been heard, and the court being of opinion that said defendant is guilty of a breach of said final decree of December 24th, 1890, in the matters set forth in said petition : it is, on this 23d day of November, 1891, ordered that the defendant, John O'Rourke, be and he hereby is adjudged guilty of a breach of said final decree in the respects in said petition set forth, and that he is guilty of a contempt of said court in violating said decree, and that he pay the costs of the complainant in this proceeding to be taxed, and also a counsel fee therein, for said contempt, of $250, and that sentence, by way of fine or imprisonment for said contempt, be suspended until the further order of the court, and that said John O'Rourke do appear before this court, when required, for such further order and sentence as may seem meet to the court.

*Mr. John W. Taylor*, for the appellant.

*Mr. Joseph D. Bedle*, for the respondent.

The opinion of the court was delivered by

REED, J.

O'Rourke had been enjoined by the court of chancery from blasting rocks by the use of explosives in such manner as to throw stones or dirt on the land of Cleveland. A petition was filed in behalf of Cleveland charging O'Rourke with violating this injunction. Upon the hearing, on the return of this petition, it was decreed that O'Rourke had been guilty of violating the decree of the court, and he was adjudged in contempt. It was

O'Rourke *v.* Cleveland.

·decreed that he pay the costs of the complainant in the contempt proceeding, also a counsel fee of $250, and that sentence, by way ·of fine or imprisonment, be suspended until the further order of ·the court, and that said O'Rourke appear before this court when ·required, for such further order and sentence.

We concur in the view of the vice-chancellor, that there was ·a violation of the decree of the court of chancery, and that the appellant was properly adjudged to be in contempt. But we are ·of the opinion that the order thereupon made cannot stand. In the first place, we can find no authority in this state for the imposition of counsel fees upon a person adjudged to be in con·tempt. Chancellor Haines, in *Magennis* v. *Parkhurst, 3 Gr. Ch. 431,* ruled that even costs in a proceeding for violating an injunction should not, as a general rule, be allowed to a defendant who successfully purged his contempt, because the proceeding was ·criminal in its nature. In the only case cited by the chancellor in support of this conclusion, namely, *Rex* v. *Plunket, Burr. 1329,* the court, while declaring it to be contrary to their general ·practice, yet, in that instance, gave costs. And in *MacDermott* v. ·*State, 5 Halst. Ch. 62,* costs were awarded to a defendant under similar circumstances, and the award of costs at the discretion of the court, is the settled practice, in courts of equity, in contempt proceedings. *Bowden* v. *Russell, 36 L. T. 177; Vernon* v. *Vernon, 4 L. J. Ch. 118.*

But I find no case in which counsel fees have been awarded to :a successful litigant in contempt proceedings, aside from two ·cases in the courts in the state of New York, and one case in the federal court of the northern district of New York. In the state ·of New York, however, counsel fees are awarded under a statute which permits the court to impose upon a defendant in contempt the costs and expenses in contempt proceedings. A counsel fee, while held not to be a part of the costs, is held to be embraced within the term "expenses." *Duns* v. *Sturtevant, 4 Duer 148; Clark* v. *Barns, 76 N. Y. 301.* The federal case, obviously following the practice of the state courts, is *Doubleday* v. *Sherman, ·8 Blatchf. 45.* The power to award a counsel fee is purely :statutory. No legislative authority in this state can be discov-

O'Rourke *v.* Cleveland.

ered which permits it in this class of proceedings. The Chancery act (*Rev. p. 125 § 113*) confers power upon the chancellor to allow a counsel fee instead of a retaining fee to be included in the bill of costs. But this section is inapplicable to the present proceedings, first, because the section mentioned as amended (*Rev. p. 127 § 122*) can apply only to decrees for the payment of money, and, second, because no retaining fee could have been taxed in a contempt proceeding, and so there would exist nothing for which a counsel fee could be substituted.

We think that the order is irregular in another particular. The order was to pay costs and counsel fees, but the defendant was left in suspense as to whether any further punishment was to be inflicted, and he was decreed to hold himself in readiness to appear, upon order, for such order and sentence as might seem meet to the court. I do not think that a punishment for a contempt can be broken up into portions. If the court undertakes to adjudge a punishment at all, the judgment must be entire and final for the particular contempt.

Nor does it seem conformable to the provisions of section 103 of the Chancery act, that a party who has been adjudged to be in contempt shall be permitted by future conduct to evade the payment of the fine mentioned in that section.

The decree is reversed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, WERTS, BOGERT, BROWN, CLEMENT, SMITH, WHITAKER—14.

*For affirmance*—None.