In the matter of WILLIAM McCRAVEN, an alleged idiot.

[Decided December 12th, 1916.]

1. It is improper to propound a question to a witness, the answer to which would be a conclusion of law.

2. The gravamen of a complaint may not be proved by an *omnibus* question, which would, in and of itself, permit a witness to establish the case; that may only be done by questions calling for facts, which should not be leading questions or call for conclusions.

3. A witness, not an expert, may, in a case of insanity, state facts as to the actions of an alleged lunatic, and then tell what, in his or her opinion, they indicate as to soundness or unsoundness of mind.

4. The judgment of a court cannot be proved by parol.

5. Parol evidence of the contents of a written instrument is inadmissible where the instrument itself can be produced.

6. The *quantum* of an estate may be proved by showing the muniments of title to the owner's property, real or personal, except as to property, if any, to which there is no paper title; and as to that parol evidence may be given.

7. A witness is not competent to prove the value of property without showing he has expert knowledge of its worth.

8. The rules of evidence which do not permit of leading questions, characterizations, hearsay and conclusions, and which require that facts only may be testified to by witnesses, leaving all inferences to be suggested by way of argument and to be decided by the court, apply as well to *ex parte* cases as to litigated ones.

9. In *ex parte* cases the court represents the absent defendant, to the extent at least of seeing to it that he is condemned only upon a proper case being made out by legal evidence.

10. A defendant who does not contend against a plaintiff's demand has the right to presume, and to rely upon the presumption, that no judgment will pass against him unless the adversary party shows himself entitled to it by the strict rules of law.

*87 N. J. Eq.*            In re McCraven.

On application for a commission to take testimony *de bene esse*.

*Mr. Joseph H. Powell*, for the petitioner.

WALKER, CHANCELLOR.

The petitioner applies to take testimony *de bene esse*, on commission, of two witnesses residing out of the state, under the provision of the Evidence act. *Gen. Stat. p. 2217 § 36 et seq.* There is no proof of the materiality of the witnesses named, as required by section 36, except, perhaps, as that may be gathered from the interrogatories propounded, which are annexed to the form of commission. Some of the interrogatories are incompetent.

The absent witness, Mrs. McCraven, mother of the alleged idiot, is asked about her son, and, among others, this question: "How long has he (the son) resided at Vineland?" This is a leading question—that is, one leading to and suggesting the answer as to place of residence, without its being shown that the mother's memory needs refreshing. The question should have been: "How long has he resided at his present place of abode," or "in the various places where he has lived?" or, to like effect. This is of minor importance, and, as the court may allow leading questions in its discretion, it might be passed over. Not so the next question, which is: "If he has no brothers and sisters, who are his next of kin and heirs-at-law?" The answer to this would require the witness to give testimony amounting to a conclusion of law. See *Austrian v. Laubheim, 78 N. J. Law. 178; affirmed, 80 N. J. Law 459*. The question should have been, say, "If he has no brothers and sisters, who are his relatives?" or something to that effect. It would then be for the court to determine who were his next of kin and heirs-at-law, which is a legal question.

A still more objectionable interrogatory is this: "Is your son so far deprived of his reason and understanding that he is rendered altogether unfit and unable to govern himself and manage his affairs?" This question states the gravamen of the proceeding, which is as to the mental capacity of the young man, and

by no rule of evidence can that be made out by an *omnibus* question which would, in and of itself, permit a witness to establish the case. Of course, the witness would be entitled to answer questions which would show facts going to prove the mental condition of the alleged idiot, but such questions should not be leading ones or call for conclusions. That is not all: The witness, the alleged idiot's mother, is not shown to be an expert in the matter of mental diseases. A witness, not an expert, may, in a case of insanity, state facts as to the actions of the alleged lunatic, and then tell what, in his or her opinion, they indicate as to soundness or unsoundness of mind. *Vanauken's Case*, 10 *N. J. Eq. 186, 191; Genz* v. *State, 58 N. J. Law 482; Clifford* v. *State, 60 N. J. Law 287, 289.*

The next question is clearly objectionable. It is: "From what time has your son been incompetent mentally to govern himself or manage his affairs?" This calls for expert testimony and is therefore incompetent. Unless the fact of mental incapacity had first been established, the question would be inadmissible as assuming a fact not proved.

Another witness sought to be examined, William S. Patton, is asked, among other questions: "Was the Houston Land and Trust Company guardian of the person and property of William McCraven during his minority?" Patton is previously asked what position he holds with the Houston Land and Trust Company. Assuming that he would state that he was an official of that company, he might be permitted to answer as a fact that the Houston Land and Trust Company was guardian, but not the next question, which is: "On what date was the Houston Land and Trust Company appointed guardian?" because that appointment must reside in some record or document. In fact, the succeeding question indicates that such is the case, and is also objectionable. It is: "Was the Houston Land and Trust Company appointed guardian by the court, or by last will and testament?" The judgment of a court cannot be proved by parol. *Livesey* v. *Besson, 32 N. J. Law 333.* And parol evidence of the contents of a written instrument is inadmissible where the instrument itself can be produced. *Sterling* v. *Potts, 5 N. J. Law \*774; Johnson* v. *Arnwine, 42 N. J. Law 451; Koehler* v. *Schilling, 70 N. J. Law 585.*

The interrogatory addressed to Mr. Patton as to whether William McCraven has resided in Vineland, New Jersey, and, if so, how long, is objectionable as leading, because it suggests the place of residence. However, as above remarked, this is rather immaterial and might be allowed. Not so the next question, which is:

"Give a statement of the real and personal property of which the alleged idiot is seized, now in the custody of the said Houston Land and Trust Company; and the value thereof."

The *quantum* of an estate may be proved by showing the muniments of title to the property, real and personal, except, of course, as to property, if any, to which there is no paper title. Such a question as this might be asked:

"Has the alleged idiot, to your knowledge, any property? if yea, produce the muniments of it, if in your possession or under your control; and if he has, to your knowledge, title to any property, as to which no written evidence exists, state the facts within your knowledge concerning such title."

Then a question like this might be asked: "If you shall have produced documentary evidence showing title to property in the alleged idiot, you may look at the documents and state from them what that property appears to be."

The witness would not, however, be competent to prove the value of the lunatic's estate without showing he had expert knowledge of such value. It is error to allow a witness to express his opinion where there is no evidence to show expert knowledge of the subject under inquiry. *Riley* v. *Camden and Trenton Railway Co., 70 N. J. Law 289; Walsh* v. *Board of Education, 73 N. J. Law 643.* Questions may, of course, be propounded, the answers to which would lay a foundation for the witness to testify concerning the value of the property in question, and then he could be asked as to its value.

The rules of evidence which do not permit of leading questions, characterizations, hearsay and conclusions, and which require that facts only may be testified to by witnesses, leaving all inferences to be suggested by way of argument and to be decided

by the court, apply as well to *ex parte* cases as to litigated ones. In litigated causes counsel representing adverse interests frequently permit testimony of the inhibited character to be given by not objecting to questions the answers to which would elicit that sort of testimony. But in *ex parte* cases the court represents the absent defendant to the extent at least of seeing to it that he is condemned only upon a proper case being made out by legal evidence. A defendant who does not contend against a plaintiff's demand has the right to presume, and to rely upon the presumption, that no judgment will pass against him unless the adversary party shows himself entitled to it by the strict rules of law. *Palmer* v. *Palmer, 22 N. J. Eq. 88;* *Topfer* v. *Topfer, 68 Atl. Rep. 1071;* *Bull* v. *International Power Co., ante p. 1.*

In such a proceeding as that before the court the petitioner must be regarded as standing virtually in the situation of a complainant and the alleged idiot in that of a defendant, for, while the proceedings are taken for his benefit, the steps in it, up to and including the adjudication, are necessarily of an adverse character.

The petitioner may submit another set of interrogatories for the court's approval.