This is a case on habeas corpus concerning the custody of an infant child of the above-named parties (petitioner and defendant), who are husband and wife. The writ was served on the defendant, who appeared and produced the child on the return day. Thereafter its custody was awarded to third persons, who were relatives, and who had been made parties to the suit. Prior to that, defendant apparently became a fugitive from justice, and afterwards had the child removed from this state to his place of abode on Staten Island, New York, where he was served with a copy of the order to show cause in this case. I say "apparently" because the affidavits tending to prove the facts recited are principally hearsay, which is not legal evidence. In reMcCraven, 87 N.J. Eq. 28. However, the conclusion at which I have arrived permits *Page 429 
me to assume that defendant has removed the child beyond the territorial limits of New Jersey.
And I assume, too, and am of opinion, that if the defendant in a criminal contempt case is served with due and proper notice of the proceeding against him within the jurisdiction of the court, and does not appear either in person or by counsel, but makes default, he may be condemned on ex parte affidavits, notwithstanding anything that was said in the Staley Case,infra, for it was also said in that case, concerning the rights of a defendant charged with criminal contempt (83 N.J. Eq. 305), that one of those rights was that the facts by which his guilt is to be determined shall be established by the oaths of witnesses subject to cross-examination and impeachment, unless the accused either expressly or by implication waived the right, as to which point nothing was decided.
Now, for the court to sit and hear oral testimony, when defendant is absent through default after due and legal notice, and is not represented by counsel, would be but an idle gesture, as there would be no one to cross-examine the witnesses or to impeach their credibility; provided, however, that the affidavits had been duly served upon defendant and were in and of themselves legal evidence. Defendant, being absent, would have a right to reply on being condemned by legal evidence only. In re McCraven,supra. If the affidavits did not, by legal evidence, make a case against him, the defendant could absent himself with confidence that there would be an entire failure of proof. Butts v.French, 42 N.J. Law 397, 400.
This court having jurisdiction of the cause, and of the parties, it was a contempt in the defendant to remove or cause to be removed out of this state the subject-matter of the litigation, namely, the child. 13 Corp. Jur. 9. And this is acriminal contempt, namely, one against the power, authority and dignity of the court — one which is an offense against organized society itself. Staley v. South Jersey Realty Co., 83 N.J. Eq. 300.
If it were a civil contempt, that is, the refusal to obey an act commanded for the benefit *Page 430 
of the petitioner, a proceeding remedial in character (Ibid.304), I think there could be no doubt of the legal efficacy of the service of the order to show cause out of this state. In such case it would be but a step in the case, and, defendant being in court, the manner of service, including time and place and whether within or without the state, could be directed by the court, as is the constant practice. This view appears to be supported by the court of errors and appeals in White v.White, 65 N.J. Eq. 741. But, as already remarked, this is a criminal contempt, and the law in such case is that the contempt proceeding is not a step in the private litigation in which it occurs. In re Merrill, 88 N.J. Eq. 261 (at p. 267), I said that it seems that such proceeding should not be framed and treated as part of the civil cause. Upon further consideration I am of opinion that it should be an independent proceeding.
In the case at bar the contempt proceeding has been framed in the cause between the parties, but cannot be so treated, and it should have been entitled In re Brown, c., as was done in theMerrill Case. Being a separate proceeding it had to be startedde novo, and that required a proper notice, that is, process to compel the defendant's appearance. Such process need not be a writ, but may be an order to show cause, as in this case. See Inre Martin, 86 N.J. Eq. 265, 274. And such process must beserved within this state to lawfully initiate a proceeding against a person charged with criminal contempt of court.
In Pennoyer v. Neff, 95 U.S. 714; 24 L.Ed. 565, Mr. Justice Field, speaking for the United States supreme court (24 L.Ed. 572), observed that since the adoption of the fourteenth amendment to the federal constitution, in legal proceedings, if involving merely a determination of the personal liability of the defendant, he must be brought within the court's jurisdiction by service of process within the state, or by his voluntary appearance. And that is this cause — the defendant here is sought to be visited with a penalty either by fine or imprisonment, or both — a purely personal liability. Furthermore, as we have seen, this is a new suit, and not a *Page 431 
step in the original proceeding. It, therefore, comes squarely within the rule of Pennoyer v. Neff, above recited. It has been held in this state that a decree for alimony which is onein personam is void unless the defendant was served with process within this state. McGuinness v. McGuinness, 72 N.J. Eq. 381,386.
An indictment lies at common law for a criminal contempt of court (1 Russ. Cr. (7th ed.) 10, 537), and the criminal character of the act in the case before me, namely, one obstructing the course of justice, clearly indicates that the proceeding for its punishment is one calling for an independent proceeding, dissociate from the civil proceeding in which the offense was committed. The case of Gompers v. Buck Stove andRange Co., 221 U.S. 418; 55 L.Ed. 797, holds (55 L.Ed. 807) that where the sentence for a contempt is wholly punitive it can only be properly imposed in a proceeding instituted and tried as for a criminal contempt. See, also, Staley v. South JerseyRealty Co., supra (at pp. 306, 307).
The views above expressed lead to the discharge of the order to show cause.