On order to show cause why certain respondents should not be adjudged guilty of contempt of court and punished therefor.
On July 21st, 1926, an order was made for the defendant to show cause, on a day named therein, why it should not be enjoined, pending the determination of this cause, in accordance with the prayer of the bill of complaint. There was included in the order, according to the ordinary practice of this court, in proper cases, and ad interim restraint whereby the defendant, its agents and employes were commanded not to transport passengers upon the defendant's line of motor buses between certain points of the route along which it operated its business, pursuant to permission of the board of public utility commissioners of this state. On October 18th, 1926, a petition in this cause was filed on behalf of the complainant, wherein, and in the accompanying affidavits, it was charged that the defendant and certain of its employes had been served with certified copies of the above-mentioned restraining order, and that they had, notwithstanding, violated the terms thereof by carrying passengers between the said points, in disobedience of the said order and after service thereof upon them and each of them. The said petition prayed that the respondents therein named should be punished for such contempt. *Page 190 
Upon the return day of the order to show cause the parties appeared, and there were then submitted to the court affidavits upon behalf of both the proponent and the respondents, without any objection being made by anyone to this method of proof.
No order can properly be made adjudging these parties guilty of the crime thus attempted to be laid at their door. The word "crime" is advisedly used, because, if the respondents are guilty of the charges made against them in the above-mentioned petition, it is a criminal contempt, as distinguished from a civil or private contempt. That is to say, their conduct strikes at the very authority of this court. Dodd v. Una 40 N.J. Eq. 672;Frank v. Herold, 64 N.J. Eq. 371; Staley v. South JerseyRealty Co., 83 N.J. Eq. 300.
In the Staley Case, decrees awarding perpetual injunctions were entered, and such proceedings were thereafter had that an order to show cause was allowed for Staley to show cause why he should not be punished for contemning such injunctions. Upon theex parte proofs upon which the order to show cause had been obtained, and certainly upon nothing except ex parte proofs, an order was made by this court committing him to prison for a period of three months on each offense, but such sentences to run concurrently, and thence until a fine of $50 should be paid, together with costs. Upon appeal, the court of errors and appeals, after a consideration of the different sorts of contempt, said, with regard to proving criminal contempt:
"It is not essential that the proceeding should be instituted by the court of its own motion; the matter may be, and in actual practice generally is, brought to the attention of the court by complainant's counsel, who, in such case, acts as amicuscuriae. However set on foot, the person at whom the criminal proceeding is directed is entitled throughout to such of the substantial right of a person accused of crime as are consistent with the summary nature of the proceeding and the processes of the forum in which it is administered. One of these rights of the accused is that the facts by which his guilt is determined and his punishment meted out shall be *Page 191 
established by the oaths of witnesses subject to cross-examination and impeachment under the ordinary rules of evidence unless the accused has either expressly or by implication waived the right thus intended for his protection, as to which latter point nothing is now decided." Magennis v.Parkhurst, 4 N.J. Eq. 433; Buckley v. Perrine, 55 N.J. Eq. 518; Holt's Case, 55 N.J. Law 385.
It will have been observed that it would appear to have been the opinion of the court of errors and appeals that a respondent may waive the right and safeguard which the state has erected in his behalf, and that this may be done either expressly or impliedly. It does not seem to me that the mere failure to demand the right, and the exhibiting of affidavits in his own behalf, should be construed into such a waiver as the appellate court had in mind. The reason for it is typified in the present case. Drivers of omnibuses which, it may be assumed, are utterly ignorant of the processes of law, make appearance at the time and place mentioned in the order to show cause, and there, to the best of their rude ability, attempt to purge themselves of the crimes of which they have been accused. Their affidavits categorically deny the allegations against them, and thus the court is asked, upon the most highly conflicting proofs, to proceed to the grave process of depriving them of their liberty in the face of their stout denial. Had the witnesses against them been sworn in open court and withstood the cross-examination of their counsel, and had the respondents failed to take the stand in their own defense, or, taking it, exhibited undeniable evidence in their guilt of course, nothing would have been left for the court to do but punish them for the wrong they had inflicted upon the public. Staley v. South Jersey Realty Co.,supra.
Sight is not lost of the fact that there is much to be said in favor of the proposition that when a respondent appears upon a charge of contempt, represented by counsel presumed to be familiar with the law, submits his own proofs in the form of ordinary affidavits and fails to demand that he be confronted by the witnesses produced against him, he does not care for the enjoyment of his full rights, and, therefore, *Page 192 
impliedly consents to go to hearing on that character of evidence. Such a rule would be of great convenience were not the liberty of our citizens at stake. But because of the serious character of the punishment sought to be inflicted, and the tender regard that our law has always had for the right of private liberty, it would seem a small matter to compel the complaining party who, it is fair to assume, will also be represented by counsel equally learned, to produce his proofs in the solemn and more satisfactory form demanded by the court of errors and appeals in Staley v. South Jersey Realty Co.,supra. In that case it was not considered a sufficient waiver that counsel for the accused moved for a continuance and made no objection to the nature of the proofs submitted "and in no way suggested that the case against the defendant should be made out otherwise than by lawful testimony." Page 306.
A number of ways in which a waiver may arise by implication will readily occur, upon the slightest consideration of the matter. The chancellor has discussed an instance in Brown v.Brown, 96 N.J. Eq. 428. There, the accused, in a proceeding to attach him for a criminal contempt failed to enter any appearance, either in person or by counsel, and, as the chancellor pointed out, it would have been ridiculous to have sworn witnesses for the purpose of affording him an opportunity to cross-examine when there was no one to conduct such cross-examination. It was there determined that after proper service, a conviction on a charge of criminal contempt upon exparte proofs is legal where the respondent does not appear in person or by counsel, "notwithstanding anything that was said in the Staley Case."
A further infirmity that cannot be overlooked and one which must be considered fatal to the complainant on this proceeding is the failure to make it a separate cause instead of a mere proceeding in the suit for relief. Mr. Justice Garrison dealt with it in the Staley Case, and, citing Gompers v. UnitedStates, 233 U.S. 604, said there should be "a scrupulous observance of the substantial rights of the defendant" in a proceeding of this character. It is true that he preferred *Page 193 
to place the judgment of the appellate court on the broader ground discussed by him, but there can be no question that had the ground now under consideration been the only one upon which the appeal was based its disposition would have been the same, and unless it be possible to effect an amendment (upon which no opinion is expressed) it will be necessary to discharge the order to show cause because of this intermingling of the present proceeding with the other cause. In the later case of Brown v.Brown, supra, the chancellor has again brought this matter of practice to the attention of the bar.
If it be considered that it is possible to amend this proceeding so as to obviate the second difficulty that arises upon a consideration of the petition, application so to do may be made, upon proper notice to the solicitor for the respondent. If this shall have been accomplished, the application may be made for a formal and regular hearing. Otherwise, the order to show cause must be discharged, either with or without prejudice, as may be subsequently determined.