Upon the return of a rule to show cause why the respondent, Joseph P. Hayden, a solicitor in chancery, should not be adjudged guilty of contempt of the power, authority and dignity of the court of chancery of New Jersey, in falsely and fraudulently uttering and delivering a supposititious decree and certification thereof to Gertrude Griffith, falsely called Ferme, and by false and fraudulent pretenses procuring from her the sum of $300, and why he should not forthwith repay to her such sum, Hayden, the respondent, did not appear. He had been duly served with true and certified *Page 363 
copies of the affidavits upon which the order to show cause was founded, and of the order, agreeably to the directions thereof, and on his default an order was made and entered adjudging him to be guilty of contempt of this court in the matters alleged against him. The order contained a provision that he should forthwith repay to Mrs. Griffith the sum of $300, and that in default thereof a warrant should issue to the sheriff of Hudson county, to take his body and him safely keep until such payment to the clerk in chancery, for the use of Mrs. Griffith, or to the sheriff for him. The reason he was, on default of payment to Mrs. Griffith, ordered to pay to the clerk for her use, or to the sheriff for the clerk, was so that the chancellor could keep supervision over the question of repayment and order the issuance of a warrant in case it had not been made to the party. A warrant was accordingly issued, and on the following day Hayden sent the money to the clerk in chancery, which absolved him from imprisonment on that warrant. The order provided for an adjournment for two weeks, for the purpose of punishment. That order was, by sundry continuances, adjourned and the defendant commanded to be and appear upon the adjourned day to receive the judgment of the court. He has not appeared and apparently does not intend to do so, and there will be no further adjournments; but an appropriate warrant will be issued commanding the sheriff of Hudson to bring Hayden here for the purpose of receiving sentence.
This was both a civil and a criminal contempt; civil in favor of the petitioner, Mrs. Griffith, for the return of her money; criminal to vindicate the power, authority and dignity of the court. This is one of the most flagrant contempts that has recently been committed against this court. And nothing short of a term of imprisonment will be anything like adequate justice to mete out to this derelict defendant.
This, as said, was both a civil and a criminal contempt, and while a respondent cannot be sentenced to imprisonment in his absence, as will hereafter more fully appear, and while it may be questioned as to whether the court has power to try him at all for the criminal contempt without a personal *Page 364 
appearance, nevertheless, I have considered that matter and have decided that the power exists.
In Brown v. Brown, 96 N.J. Eq. 428, I took occasion to say (at p. 429): "If the defendant in a criminal contempt case is served with due and proper notice of the proceeding against him within the jurisdiction of the court, and does not appear either in person or by counsel, but makes default, he may be condemned on ex parte affidavits, notwithstanding anything that was said in the Staley Case, infra (83 N.J. Eq. 300), for it was also said in that case, concerning the rights of a defendant charged with criminal contempt (83 N.J. Eq. 305), that one of those rights was that the facts by which his guilt is to be determined shall be established by the oaths of witnesses subject to cross-examination and impeachment, unless the accused eitherexpressly or by implication waived the right, as to which point nothing was decided. Now, for this court to sit and hear oral testimony, when defendant is absent through default after due and legal notice, and is not represented by counsel, would be but an idle gesture, as there would be no one to cross-examine the witnesses or to impeach their credibility; provided, however, that the affidavits had been duly served upon defendant and were in and of themselves legal evidence. Defendant, being absent, would have a right to rely upon being condemned by legal evidence only. In re McCraven, supra (87 N.J. Eq. 28). If the affidavits did not, by legal evidence, make a case against him, the defendant could absent himself with confidence that there would be an entire failure of proof. Butts v. French,42 N.J. Law 397, 400."
When I speak of legal evidence in this connection, I mean, of course, affidavits that in and of themselves make a complete case against the defendant. The affidavits in this matter, which were duly served, make such a case. The civil feature of the contempt, namely, the order to make the contemptuous solicitor pay back to his client the money which he obtained from her is, of course, within the jurisdiction of this court and an order for such repayment was made and was complied with by the respondent.
It is to be observed that I said in the Brown Case, speaking *Page 365 
of the Staley Case, that the court of errors and appeals said that the guilt of the defendant is to be established by the oath of witnesses "unless the accused either expressly or by implication waives the right." It is true that the court of errors and appeals said that they decided nothing as to that point, and as I said in the Brown Case, if the court should sit and hear oral testimony when the defendant is absent after due and legal notice, and is not represented by counsel, it would be but an idle gesture, as there would be no one to cross-examine witnesses or impeach their credibility. A party who has been given due opportunity to appear and be heard cannot complain if he is condemned in his absence upon sufficient proof to legally establish the fact accordingly to the ordinary processes of the court; and trial by affidavits is a particular feature of the court of chancery. In this case, as already said, the respondent was duly served but chose not to appear upon the return of the order to show cause, which was due process. In every judicial procedure it is essential that the person whose rights are to be affected should be a party and have an opportunity of making a defense; and he must be brought in by process, which need not be a subpoena or other writ, but may be an order or notice. In reMartin, 86 N.J. Eq. 265, 274. Of course, these proceedings may be summary.
A defendant in a criminal contempt of the court of chancery cannot complain of a judgment pronounced against him in his absence, after being duly served, c., because he cannot be punished corporally except upon his presence before the court, when he may urge any matter of defense, one of which is that he demands to be confronted with witnesses so that he may cross-examine them. But he may, as hereafter will appear, be sentenced to a fine upon the conviction already had. In West v.State, 22 N.J. Law 212 (at p. 229), it is said that except upon a capital charge it is not necessary that the defendant should be asked if he has anything to offer why judgment should not be pronounced against him; that it is, however, necessary in all cases where corporal punishment is to be inflicted upon a defendant, that he should be personally present before the court at the time of pronouncing *Page 366 
sentence and it should so appear in the record. But in Warner
v. State, 56 N.J. Law 686, it was held that the reason for inquiring of a prisoner before judgment in capital cases if he has anything to say why sentence should not be pronounced has disappeared since prisoners have been permitted to have counsel. And Mr. Justice Reed, in the opinion (at p. 695), says, in effect, that the theory that the court is defendant's counsel was a fiction. Now, because a defendant no longer has to be asked in any case whether he has anything to say why sentence should not be pronounced against him, that does not mean that he may not say anything that would show the fact. He still has that right. And in 2 Hawk. P.C. 633, it is laid down in section 17 that the court may assess a fine but cannot award any corporal punishment against a defendant unless he be actually present in court. See, also, 1 Chit. Crim. L. 478. And imprisonment is corporal punishment. Bouv. Dict. (Rawle's 3d rev.) 2770.
All this results in showing that the court may condemn a man on a prosecution for a criminal contempt, if, after being duly served he remains absent from the court, and may assess a fine upon him; but that if, when brought in by process, the court proposes to imprison him, he may then by analogy to motion in arrest of judgment, claim that he has not been confronted with the witnesses against him and afforded an opportunity to cross-examine them, which this court would even then grant, to the end that he should only be imprisoned in a proceeding conducted according to the course of the criminal law in that regard.
In State v. Lee, 100 N.J. Law 201, it is laid down that the motion in arrest of judgment based upon the assertion that the indictment does not charge a crime should always be granted when an inspection of the record shows that the assertion is justified by the fact. And in State v. Bove, 98 N.J. Law 350, it is held that the judgment upon a conviction under a criminal indictment will only be arrested for an error apparent upon the face of the record. And this record will show no examination of witnesses in defendant's presence. And it will also show that the fault was his, and by not appearing and objecting he had waived his right up to the *Page 367 
point when he protested imprisonment in the absence of such examination.
The defendant in this case has further waived the manner of trial against him in his absence because he has communicated with this court and sent in an affidavit made by himself entitled in this matter, endorsed "Joseph P. Hayden, Solr. pro se, Chamber of Commerce Bldg., Jersey City, N.J.," which affidavit was taken before a notary public October 2d 1927, thirteen days after the adjudication against him, reached here October 4th, 1927, and was filed in the cause on that day. He knew the return day of the order, and also knew the result of the proceeding which was quite widely published, saying in his affidavit that he has received newspaper items concerning the case. The affidavit, which is amazing, is herewith published. It is as follows:
"In Chancery of New Jersey.
In the matter of JOSEPH P. HAYDEN, | Answering Affidavit. charged with contempt of court. |
STATE OF NEW JERSEY | ss.
COUNTY OF HUDSON |
Joseph P. Hayden, of full age, being duly sworn according to law upon his oath, doth depose and say: I am the respondent in the above-entitled matter. I have read the affidavit of one Gertrude Griffith, also referred to as Gertrude Ferme, and I do positively state that the allegations in said affidavit are wholly and entirely untrue and false, particularly that part of said affidavit wherein it is alleged that I delivered or caused to be delivered to the said Gertrude Ferme a fraudulent and false decree of divorce or annulment, is utterly false and unfounded. I have also read the affidavit purporting to have been signed and sworn to by one Grace Mulhall and I do state that the contents of said affidavit are absolutely false and untrue. I have, also, read the affidavit of one Applegate, clerk in said court of chancery, and having no knowledge or information as to the contents therein. I deny the truth of allegations contained therein. I further state that the reason for my non-appearance upon the 20th day of September, last, is because I was advised that the above matter would be referred to a vice-chancellor for trial and determination. I have received no notice, other than newspaper items, as to any further appearance or hearing.
JOSEPH P. HAYDEN.
Sworn to and subscribed before me this third day of October, 1927.
 JAMES F. McGOVERN, A Notary Public of New Jersey." *Page 368 
It will be observed that Hayden asserts in the affidavit that he positively states that the allegations in Mrs. Griffith's affidavit are wholly and entirely untrue and false, and that the affidavit of Mrs. Mulhall, her sister, who testified in an affidavit in this cause that she was present when the false and fraudulent decree was delivered to her sister by Hayden, is also false and untrue; and also he denies the truth of the allegations contained in the affidavit of Mr. Applegate, chief clerk of the chancery office, who only stated that he had searched the records of the court and found no such case as Griffith, otherwiseFerme v. Ferme, and that the purported certified copy of the decree which was before him was false. It is also to be observed that he, Hayden, does not state what is the truth as to any of these matters which he denies, and he makes the absurd statement that the reason for his non-appearance upon the return day of the order was because he was "advised" that the matter would be referred to a vice-chancellor for trial. Of course, his affidavit is in almost every respect untrue; also, and of course, this was well known to him.
Let a writ of attachment issue to the sheriff of Hudson county, commanding him to attach the body of Joseph P. Hayden, if he can find and apprehend him, so as to have him before this court forthwith, to do and receive its judgment by way of punishment herein in that behalf. This is not a bailable writ but a warrant of arrest. The writ of attachment issues in any contempt case.Dick. Ch. Prec. (rev. ed.) 38 et seq.; Supp. 113 et seq. I find no other writ out of chancery to arrest a man and bring him before the court, save an attachment. I find no authority for the issuance of a bench warrant. That remedy appears to pertain only to the courts of law; although I have known it to be issued out of chancery, and it may be lawful. However, an attachment is the better, because the recognized form.
This case does not in any wise run counter to O'Rourke v.Cleveland, 49 N.J. Eq. 577. That was exclusively a criminal contempt, and the court below imposed costs and a counsel fee upon the defendant, and sentence by way of fine *Page 369 
or imprisonment was suspended until the further order of the court. And it was held by the court of errors and appeals that a party could not be adjudged to pay costs and counsel fee and then await further punishment to be imposed at a future period. Counsel fee could not be imposed at all in the then existing state of statutory enactment; whether it can now, I do not pretend to say. But that case was not this case. Here, there is no proposition to split up or divide the punishment of the criminal contempt feature at all. It is intended to impose but one sentence upon the defendant, and that one of imprisonment, so that he may be adequately punished for his heinous offense.
Order and warrant of attachment accordingly.