In April, 1929, the department of health of the State of New Jersey (being clothed with appropriate powers and duties in that behalf by virtue of several statutes duly enacted by the legislature), filed a bill of complaint in this court, *Page 140 
alleging that defendant owned and maintained a sewerage system from which polluting material was permitted to discharge into the waters of Overpeck brook and a tributary thereof, in this state, polluting such waters so as to cause and threaten injury to the inhabitants of the borough of Leonia, in this state, and praying an injunction to restrain the defendant from further polluting said waters, and to require the defendant to make disposition of its sewage in manner approved by complainant.
Subpœna ad respondendum was duly issued and served on the defendant. The defendant filed no answer, and took no other step in defense, and decree pro confesso was duly entered against it, and after the taking of proofs, final decree was duly entered December 14th, 1929, for the issuance of a writ of injunction against the defendant, commanding it to cease the pollution in question on and after June 1st, 1930, and that on or before that date it make such other disposition of its sewage as should be approved by complainant.
Copy of the decree was duly served on defendant on December 24th, 1929.
On March 18th, 1931, affidavit was filed in this court by complainant setting up the making and entry of the final decree aforesaid, and the service thereof upon defendant, and further setting up that the defendant, notwithstanding such decree, had not ceased but was still continuing the pollution aforesaid, and had failed to make any other disposition of its sewage as commanded.
An order to show cause was thereupon entered, directing the defendant to show cause why it should not be adjudged guilty of contempt and punished accordingly; which order was duly served on defendant in accordance with its provisions.
On the return day named in the order to show cause no cause was shown by defendant, and, in fact, no appearance was made by or on behalf of the defendant, either by any of its officers or by any solicitor.
It will be observed that the conduct of defendant complained of in the affidavit is two-fold in character: that it *Page 141 
has done that which the decree commanded it not to do — (i.e., continue the pollution of the waters of the creek) — and that it has failed to do that which the decree commanded it to do — (i.e., to make a disposition of its sewage in manner approved by the department of health). The first of these is a criminal contempt, the second is a civil contempt. Staley v. SouthJersey Realty Co., 83 N.J. Eq. 300.
The present proceedings, although reciting both failure to perform, and the doing of acts enjoined, must evidently be deemed civil or remedial in character — to enforce the performance of the acts directed by the final decree, for the benefit of complainant. The affidavit, order to show cause, and proof of service, are all entitled in the original cause, and filed as part of the proceedings therein; not as a separate proceeding in criminal contempt. Staley v. South Jersey Realty Co., supra.
The proceeding is, of course, within the jurisdiction of this court, and notwithstanding the failure of defendant to appear in anywise, the order to show cause having been duly served, order may be entered by the court. In re Hayden, 101 N.J. Eq. 361.
The affidavit proves the failure to perform, and there is no denial.
The usual method of compelling performance of affirmative action directed by decree of this court, where there has been a failure or refusal of performance, is by imprisonment of the recalcitrant party until he does the thing he has been commanded to do. Such imprisonment is not punitive but coercive: it lasts only until the decree is performed. Staley v. South JerseyRealty Co., supra.
In the present proceedings the disobedient defendant is a municipal corporation, which obviously cannot itself be physically imprisoned, either for coercion or punishment. Although mention is made in the proceedings of the "officers, servants, agents and employees," of the corporate defendant, none of them are either defendants in the original suit or respondents in the order to show cause; and it is the corporate defendant only which is commanded to perform by the final decree. *Page 142 
Since imprisonment cannot be utilized, coercion of the corporate defendant must be accomplished by fine. A fine of $10 per day will be imposed upon the defendant for each and every day until it shall have performed the directions of the decree. Complainant is entitled to costs.
Moreover, the allegation that the defendant has also been guilty of a criminal contempt, having thus been brought to the attention of the court, the attorney-general will be directed to institute proceedings in criminal contempt against the defendant, and possibly also against such of the defendant's officers and employes, if it be deemed advisable and there be available evidence to warrant it. Although the corporation can be punished, in criminal contempt, only by fine, the individuals responsible for the criminal contempt, if duly convicted, can be punished by imprisonment.
The case appears to be a very flagrant disregard both of the power and authority of the state, in all three branches of government, and of the rights and welfare of a considerable portion of the citizens of New Jersey, not only the inhabitants of Leonia, whose lives and health are endangered by the pollution of the streams, but also the pocketbooks of the citizens of the defendant borough itself.
No attention, regard or obedience has been paid by this borough to the directions of the legislature, the acts of the administrative department of health, or the process and decrees of this court. It has polluted the stream contrary to the statutes; it has failed to obey the notices and directions of the department of health; it has made no defense or appearance in the suit against it; it has paid no attention to the decree against it; it has made no denial of its guilt nor defense or appearance in the proceedings for contempt. No more flagrant or reprehensible course of conduct by a municipal corporation, or by the individuals responsible for the administration of its affairs, can well be imagined.
Obviously fines imposed upon the borough will fall immediately upon the citizens and taxpayers of the borough, and while doubtless a remedy exists whereby they may recover from the individuals of their borough government whose malfeasance *Page 143 
or misfeasance has caused financial loss to the borough, such proceedings are not always certain, and are attended by trouble, delay and expense. Hence the advisability of proceeding in the first instance, if possible, against the guilty individuals.
It is, of course, scarcely necessary to point out that notwithstanding a corporation is guilty of a criminal offense, the individual officers, directors and agents of the corporation may also be guilty and punishable for the same offense. Cf.Engeman v. State, 54 N.J. Law 247.