On December 14th, 1929, a final decree was entered in this court in a suit brought by the department of health of the State of New Jersey against the borough of Fort Lee — by the terms of which decree the defendant borough, its officers, servants, employes and agents, were ordered to cease, desist and refrain, from and after June 1st, 1930, from permitting and allowing insufficiently treated domestic sewage and other polluting material to flow from its sewage system and drains into the water of a brook tributary to Overpeck creek in Bergen county — and commanding the said borough to make such other disposition of its sewage, on or before June 1st, 1930, as should be approved by the department of health aforesaid.
The decree was duly served on the defendant borough, on December 24th, 1929. It was not obeyed: up to the time of these proceedings the pollution has not been stopped, nor has the new disposition of sewage disposal been installed.
To enforce the performance by the borough of the acts which it was by the decree directed affirmatively to do, civil contempt proceedings were instituted by the complainant on March 18th, 1931 — resulting in an order imposing a fine to enforce performance. Department of Health v. Borough of Fort Lee,108 N.J. Eq. 139.
The present case is a criminal contempt proceeding, to ascertain the guilt of those charged with continuing the pollution of the stream, in violation of the injunctive order of this court, and to impose punishment for that offense, upon conviction.
Obviously the borough acts, and can act, only by its mayor and council. The responsibility rests upon them for the performance or non-performance by the borough of its legal duties. Violation by the borough of an injunction involves, at least prima facie, guilt on the part of one or more of the mayor and council, of the same criminal or quasi-criminal offense. Both a corporation and its individual officers, directors and agents may be guilty and punishable for the same offense. Engeman v. State,54 N.J. Law 247. *Page 427 
Where a municipality is enjoined from doing or continuing a certain act, it seems obvious that those members of the governing body of the municipality, through which alone it can act, who with knowledge of the injunction fail to take such steps as they are in duty bound to take to accomplish the cessation of the thing enjoined, are guilty of contempt.
In the instant case the borough, and all the individuals comprising its mayor and council, were made defendants and charged with the offense of the violation of the injunction. On the return of the order to show cause, all of them appeared, waived the presentation of proofs in court and admitted their guilt as charged. This eliminated all questions except the determination of the punishment to be imposed.
Testimony was offered by the defendants to show circumstances alleged to be in mitigation of the offense, and proofs in that behalf were accordingly taken in open court. From these proofs it appears to the entire satisfaction of the court that there was no intent on the part of any defendant of any flagrant flouting of the authority of the court. Apparently they failed to realize that the disobedience to the injunction was a punishable offense: they seem to have regarded only the mandatory portion of the decree and to have looked upon the performance of those provisions as something which for various reasons they could and should avoid or resist as long as possible.
Neither the lack of disrespectful intent, nor the failure to realize the character of their neglect or refusal to cease the pollution, constitute any defense to the charge of contempt (and of course were not so offered here, since the guilt was admitted), but may properly be considered in mitigation of punishment. In re Cooley, 95 N.J. Eq. 485 (at p. 488).
Mitigation of punishment, however, does not mean absolution nor escape from punishment. The defendants have been guilty, as they admit, of a violation — a long continued violation of an injunction of this court. That in itself requires punishment, by way of deterrent example to others, *Page 428 
for if injunctions may be disobeyed without punishment, the government of this state cannot long be carried on.
There are, in the instant case, the additional factors that the violation of the injunction was in derogation of the health of other citizens of the state; and the desideratum of a warning to members of the governing bodies of other municipalities and directors of other corporations, that their acceptance of office entails legal duties and responsibilities as well as privileges, honors or emoluments.
The pollution enjoined came from the defendants' sewage system, and the cessation of the pollution could only be accomplished by changes in, and repairs to, that sewage system — which required legal steps by the borough council and subsequent construction and repair work by employes or contractors. To allow the necessary time for this, the injunction became operative some five months after the date of the decree. The proofs before the court show that this was more than ample time: that if the defendants had done, immediately following the service of the decree, the things they have done since the institution of the civil contempt proceedings, there would have been no violation of the decree.
The principal reason offered by defendants by way of excuse in mitigation of their neglect or delay, was that the state highway department was contemplating construction or reconstruction of certain highways, which would in all probability interfere with any reconstructed sewage disposal system, and therefore in all likelihood soon entail a further or duplicate expenditure, if the provisions of the decree were promptly performed. (There was some statement or intimation of the impossibility of the borough, in its then financial condition, legally contracting the expense necessary to perform the decree, but there was no proof of this.)
That this was a factor properly and reasonably to be considered by the defendants is not questioned; but that it cannot excuse the contemning of the decree is equally beyond question. If the circumstances in that behalf were such as, in the judgment of the defendants, warranted or required delay for a greater period than that afforded by the decree, *Page 429 
they should have applied to the court for a modification of, or temporary stay of the injunction. Cf. In re Cooley, supra, and cases cited.
It should be, and has been, taken into consideration, that the defendants have pleaded guilty, instead of putting the state to the time and expense of a trial on that issue.
It is the judgment of the court that under all the circumstances, imprisonment should not be decreed in the present instance, but that a fine of $500 should be imposed upon the defendant borough, and a fine of $100 each upon the individual defendants.
The solicitors for the defendants are directed to produce the defendants in court for sentence, on Tuesday, June 30th; at which time also the solicitor for the prosecution should present draft of decree for entry.