## OSCAR BARNETT FOUNDRY COMPANY

### *v.*

### PAUL L. CROWE.

[Decided December 13th, 1909.]

1. It is a well-known principle in contempt proceedings that a respondent shall not be adjudged guilty of contempt if there is a reasonable doubt on the facts and on the law as to his guilt.

2. On motion to adjudge a respondent guilty of contempt in violating an injunction, evidence examined, and—*Held*, that it was extremely doubtful whether the act that was being done by ihim was by strict construction included in the restraint, and hence he would not be held guilty of contempt.

On motion to adjudge respondent of contempt.

*Mr. Egbert J. Tamblyn* and *Mr. Ralph E. Lum,* for the motion.

*Mr. Boyd McLean* and *Mr. Charles W. Fuller,* for the respondent.

HOWELL, V. C.

On August 31st, 1909, the complainant on filing his bill herein took an order requiring the defendant to show cause why an in-

junction should not issue pursuant to the prayer thereof with a provision in the order restraining the defendant "from manufacturing for and selling to the Commercial Trust Company of Jersey City any mechanical chain grate stoker embodying the features set forth in the patent," &c. On the return day of this order the court ordered that the same be made absolute and that an injunction should issue according to the prayer of the bill. An injunction was issued directing the defendant to "refrain from manufacturing and selling to the Commercial Trust Company of Jersey City a mechanical chain grate stoker embodying the features set forth in the patent," &c., which injunction was duly served on the defendant. The complainant now moves for an adjudication that the defendant has contemned the restraining order, and for an order punishing him therefor. The allegations are that after service of the restraining order, and before the issue of the writ, Frank S. Barnett, who is connected with the complainant corporation, was standing facing the premises of the Commercial Trust Company at the rear entrance of its building, and that he could there observe the boilers in the boiler room of the building; that on that occasion he saw the defendant "performing certain mason work in connection with the installation of a mechanical chain grate stoker erected in said boiler room." The affiant states also that this stoker embodied certain features of the patent, &c. It is likewise alleged in the affidavit of Mr. Lum that on one occasion when the parties were before this court the defendant's counsel openly stated that the defendant, notwithstanding the injunctive order, was then proceeding with the manufacture and construction of a mechanical chain grate stoker for the Commercial Trust Company. This last statement is denied by the affidavit of counsel for the defendant, and as to it therefore I am obliged to conclude that the charge made against the defendant as to statements made in open court are not proved; and this leaves as the only question for consideration the statement that the defendant was seen by Mr. Barnett doing certain mason work in connection with the installation of a stoker in the Commercial Trust Company building. It is a well-known principle in contempt proceedings that a respondent shall not be adjuged guilty of contempt if there is a reasonable doubt on the

facts and on the law as to his guilt. The proceeding is *quasi-criminal*, and in so far as it is so, it must carry with it the usual and ordinary presumptions that would affect the proceeding if it were being conducted in the criminal court. The injunctive order restrained the defendant from manufacturing for and selling to the Commercial Trust Company of Jersey City any mechanical chain grate stoker embodying the features set forth in a certain patent. It now appears that the defendant had long before the filing of the bill·manufactured and sold and delivered to the trust company a mechanical chain grate stoker, and it is therefore a fact that the defendant has not violated the order by *manufacturing and selling;* but it is claimed that the violation consists in doing certain mason work connected with the installation of one of these machines, and the court is asked to distinguish between the manufacture and sale on one hand and the installation on the other hand of the machine in question. The affidavit making the complaint is very general. There is no statement from which the court can be informed as to the character and quantity of the mason work that Mr. Barnett saw. It may well be that the defendant was engaged in merely patching up the brick work or in finishing up the installation or in repairing some of the work that had already been installed. All these suppositions are consistent with the statement in Mr. Barnett's affidavit, and for none of them would the court be willing to punish the defendant. The proceeding is one of the strictest right, and the right to punish must. be clear upon the law and the facts. There will be no presumption of guilt. It must rest in proof. I am constrained to say that it is extremely doubtful whether the act that was being done by the defendant was by strict construction included in the restraint, and, this being my view, I must decline to hold that the defendant is guilty of contempt.