JACOB EISENBERG and HERMAN GOLD, complainants-appellants,

*v.*

ANTHONY JAVAS, defendant-respondent.

[Submitted May 28th, 1926.  Decided October 18th, 1926.]

A mortgagee cannot maintain a suit in chancery to stay waste except upon allegation and proof that the security of the mortgage is impaired by the alleged wrongful acts.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church.

*Mr. Herman B. J. Weckstein,* for the appellants.

*Mr. Edward R. McGlynn,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The bill of complaint in this case was filed in the court of chancery by the complainants, Eisenberg and Gold, as owners and landlords, to stay waste alleged to have been threatened, and to recover damages for waste already committed by Javas, their tenant, to leased premises. To the bill of complaint an answer was filed by the respondent denying that the acts threatened or committed constituted waste, and also setting up that while the complainants were the owners of the property when the bill of complaint was filed, they had since conveyed the property. Thereupon, the complainants sought and obtained leave to amend the bill to the effect that they had conveyed the premises to one Joseph Chirico, taking back a purchase-money mortgage covering the premises, and praying the same relief as mortgagees that had been asked in their original bill of complaint as owners.

While the vice-chancellor dismissed the bill for want of merits we do not deem it necessary to consider that phase of the case, inasmuch as after the sale of property there is neither allegation nor proof sufficient to give to the complainants a standing to prosecute the suit. The bill itself is rested wholly upon the status of the complainants as owners and landlords, and as such properly alleges acts of waste by the tenant. Obviously, to the owner of property, waste in any degree is injurious and actionable. Not so with a mortgagee whose interest is wholly that of a creditor holding the property by mortgage conveyance as security for his debt. While a mortgagee may maintain a suit to stay waste in a proper case and upon proper allegation (*Phoenix* v. *Clark, 6 N. J. Eq. 447*), he may not do so unless he can show that his security is impaired. Says Mr. Pomeroy, in his treatise on *Equitable Remedies, volume 1, page 816 (3d ed.)*:

"A mortgagee or a purchaser at a foreclosure sale may also enjoin waste by a mortgagor in possession who threatens other acts which impair his security. The injunction will not issue, however, unless the sufficiency of the security is threatened."

In the present case there is no allegation in the complaint of the sales prices of the property, nor is there any allegation of the amount of the mortgage retained as part of the purchase price. There is no allegation or proof that the security of the mortgage debt, whatever it may be, is in anywise jeopardized by the alleged acts of the respondent. When the complainants sold the property, retaining no interest therein except as mortgagees, a substitution of themselves as mortgagee-complainants without alleging or proving impairment of the security for their debt, presented no case calling for equitable intervention; they were without standing to press their claim in the court below or to urge reversal in this court.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.