The complainant is a corporation engaged in the transportation of passengers for hire upon its vehicles, commonly called motor buses, from a point in the city of Passaic, through some of the streets thereof and into the immediately ajoining town of Clifton, circling through or around a town called Athenia, and then running straight in a southeasterly direction along a road called Van Houten avenue where it terminates at the westerly boundary of the city of Passaic a considerable distance from the point of beginning. The *Page 186 
buses are then turned around and retrace their way along the route just indicated to the beginning of the above route.
The defendant is engaged in a similar business, but its route, starting from the same point as the complainant's line, goes in an almost opposite direction until it reaches the westerly line of the city of Passaic where originally its line terminated at the exact spot where the complainant's line as hereinabove described ends. The board of public utility commissioners have recently permitted the defendant to extend its line seven-tenths of a mile beyond its original terminus, along Van Houten avenue, so that for that distance the two companies compete along that road.
Upon the filing of its application for such extension of its route, the defendant immediately proceeded to operate as if the permission had been granted. Thereupon this bill was filed setting forth, among other things, the inability of the public utility commission to prevent such competition, and an order to show cause was allowed, with ad interim restraint, with which the defendant instantly complied. Subsequently, when the order of the state commission was made granting the extension sought by the defendant, it was with certain conditions, of which the following is the only one of any importance in this case:
1. That on inbound trips to Passaic the operators of said buses shall not pick up passengers on Van Houten avenue between the Passaic city line and Mt. Prospect avenue who end their trips east of the intersection of Irving Place and Bloomfield avenue, Passaic; and that on outbound trips from Passaic the operators of said buses shall not pick up passengers who desire to ride over the extended portion of the route, until said buses have passed the intersection of Irving Place and Howe avenue.
Subsequently, the complainant filed its petition herein, setting forth the decision of the public utility commissioners, and praying a temporary injunction. Upon the filing of this petition an order to show cause was allowed, and it is upon this order that the present decision is founded.
It is elementary that an application for an injunction is addressed to the sound discretion of the court. Under the *Page 187 
circumstances of this case it would not appear that a temporary injunction should issue. Courts of equity do not grant that relief where it cannot enforce its order or where such enforcement would require a continuous supervision on the part of the court. 32 C.J. 75. In the present case, it will have been observed, the defendant is forbidden by the board of public utility commissioners from accepting any passengers, on the easterly journey of their vehicles, on the extended portion of the route, for delivery east of a certain point in the city of Passaic, or permitting the entrance of any passengers east of that point, on the westerly journey, for transportation over the extended portion of the defendant's route. How these regulations are to be enforced is not indicated in any way in the state board's decision or order. It is not denied that the defendant has made some attempt to obey the condition imposed upon it by posting in three conspicuous places in each of its vehicles a good-sized placard, each of which bears the warning:
 BY ORDER OF PUBLIC UTILITY COMMISSION.
Passengers from Passaic to Clifton must not enter this bus east of Irving Place and Howe avenue, Passaic.
Passengers from Clifton to Passaic must leave this bus before crossing Irving Place at Bloomfield avenue, Passaic.
In addition, the individual operators of the defendant's buses make oath that they announce the arrival of each bus at Irving Place and the city line for the purpose of discharging passengers, in obedience to the aforesaid rule.
What more could be done, in the spirit of compliance, is not suggested, nor can the court conceive of any further effort that should be attempted by the defendant. It will not be contended that any assault and battery should be committed by the person operating the bus. It would be ridiculous to assume that the vehicle should be held motionless until the recalcitrant passengers shall have rendered obedience to the command of the driver, to the utter confusion of the defendant's business and the intolerable inconvenience to the traveling public. It could hardly be intended that, in *Page 188 
the highly congested traffic of the busy city of Passaic, patrons attempting to board these buses should be cross-examined as to their destination.
It would seem to me that if there is any method whereby this regulation of the public utility commission can be enforced it would be by the commission itself, with its staff of trained engineers and inspectors. Whether or not chapter 144 of the laws of 1926 operates to give jurisdiction to this court in cases similar to the one at bar, it is clear that, without any machinery for observance of the actions of the defendant through its officers, agents and employes, no temporary injunction should be allowed in this case, where there would be endless confusion in the charges and answers of the respective parties and where the court is not able to determine upon any method by which the defendant could enforce the order of the board of public commissioners. If there are violations of the order of the utility commissioners, that body may revoke the extension granted to the defendant and such revocation enforced by the police.