A petition has been presented by Williams Davis, Incorporated, one of the complainants in the above-entitled cause: It shows that it is the holder of a writ of attachment out of the New Jersey supreme court at its suit against Royden B. Davis and others for $189,905.65; that the above case was consolidated with that of another chancery suit, entitled A. Trevor Williams and others against Connie J. Dorrian and others, under the title of Dorrian v. Davis; *Page 149 
that prior to the consolidation an order appointing Emerson L. Richards as receiver was made in Dorrian v. Davis and a separate order appointing him as receiver was made in Williams
v. Dorrian; that such proceedings were had under said order that there were assigned to and deposited with the receiver numerous securities and several cash items of an amount unknown to petitioner but less in amount or value than that to be recovered by petitioner's writ of attachment; that the above-entitled cause, as consolidated, proceeded to final hearing, and a final decree was entered therein July 6th, 1928, in which it was ordered, adjudged and decreed that Emerson L. Richards, receiver as aforesaid, should re-assign and deliver to A. Trevor Williams and Royden B. Davis, as their interest might appear, the mortgages, c., in his hands; that on July 10th, 1929, and before the final decree had been executed, complainants took an appeal to the court of errors and appeals from the whole and every part of the decree; that it was heard in the appellate court and opinion delivered therein, which affirmed the decree for the reasons stated in the opinion of the vice-chancellor in this court; and that on May 29th, 1929, a remittitur of affirmance was made and filed in the appellate court, the record of which is due to be remitted to this court on June 10th, 1929, but that said record has not yet been remitted; that the decree appealed from is not yet operative and that the orders appointing receiver as aforesaid are still in full force and effect, including a clause requiring the receiver to hold the securities and money until the further order of this court; that notwithstanding, the petitioner avers on information and belief, that Emerson L. Richards has willfully violated and disobeyed the directions of the orders appointing him receiver, by returning to and delivering to (and/or assigning to) the defendants A. Trevor Williams and Royden B. Davis (and/or their solicitors of record herein) the most part or all of these securities and money, to the injury of the petitioner, in that petitioner is by said willful contempt prevented from attaching the securities and moneys in the hands of the receiver where they legally belong, and that defendants A. Trevor Williams and *Page 150 
Royden B. Davis have willfully violated and disobeyed the directions of the order appointing the said receiver, by accepting and receiving (and/or causing their solicitor of record herein to accept and receive) such securities and money to the like injury of petitioner; and the petition prays that Emerson L. Richards, A. Trevor Williams and Royden B. Davis may be punished for their contempt in willfully violating the terms of the aforesaid order appointing said receiver, and for other and further relief.
The petition is verified by Philip S. Godfrey, a law clerk in the office of Repetto Godfrey, solicitors of petitioner, who swears he is a duly authorized agent of the petitioner, Williams Davis, Incorporated, and knows of his own knowledge that the matters said to be facts are true and correct; that he has read the petition to punish the alleged contemnors, and says that he verily believes all the matters and things contained therein to be true; that a writ of attachment has been sent to the sheriff of Atlantic, who is prevented from attaching the moneys and securities referred to, to the injury of the petitioner; that there was deposited with (and/or assigned to) said receiver numerous securities and several cash items of an amount unknown to him but less in value than the amount to be recovered in the attachment as endorsed on the writ, $189,905.65; that he is informed and verily believes that the decree appealed from is not yet operative, and that the orders appointing receiver are still in force and effect; that he has been informed and verily believes that the receiver has delivered to Williams Davis, or their solicitors of record herein, the most part or all of the said securities and money, notwithstanding the injunction contained in the orders appointing receiver requiring him to keep and preserve the same, and that such delivery, contrary to said orders, was made on Friday, May 31st, 1929.
A form of order to show cause was presented with the above petition, which requires that Emerson L. Richards, A. Trevor Williams and Royden B. Davis show cause before the chancellor (on a day to be named) why they should not be adjudged guilty of contempt in the premises and punished *Page 151 
accordingly; that Richards, Williams and Davis present themselves in their respective persons before (blank), one of the (special) masters of this court, at his office in the city of Atlantic City, on the (blank) day, c., or any other day to be designated by him, the master, prior to the return day of the order to show cause, to give evidence and be examined by the petitioner or its counsel, on any matter relating to the facts averred as constituting the contempt; and that petitioner have leave to take depositions upon due notice to the respondents, or their solicitors, in support of their proceedings; that copies be served, c.
The first question that arises is, Is this a criminal or a civil contempt; for the procedure in the respective cases differs widely. In this case I deem the contempt charged to be a criminal one.
Now, in Staley v. South Jersey Realty Co., 83 N.J. Eq. 300,
it is laid down by the court of errors and appeals that contempts are of two sorts, civil and criminal. In a civil contempt the proceeding is a remedial step in the cause inter partes.
Criminal contempts are offenses against organized society and punishable as such in a proceeding at law, and while it may be administered by the court in which the contumacious conduct occurred, it is not a part of the prior litigation therein; that the proceeding instituted in the court of chancery for the purpose of having that court adjudge whether or not a defendant in the cause pending therein was guilty of a contumacious violation of an injunction issued by it, is a proceeding at law in a criminal contempt in which the defendant is entitled to all of the substantial rights of a person accused of crime that are consistent with the summary nature of the process of the tribunal in which it is administered, one of which rights is that the incriminating testimony shall be given by witnesses subject to cross-examination and impeachment under the ordinary rules of evidence. In the cause just mentioned it was said (at p. 304): "The distinction between refusing to do an act commanded [remedied by imprisonment until the party performs the act], and the doing of an act forbidden [punished by imprisonment for a *Page 152 
definite term], is sound in principle, and generally, if not universally, affords a test by which to determine the character of the punishment." In the language of the opinion of the court of errors and appeals, judged by the test just mentioned, the alleged violation by the receiver and parties to this suit was a criminal contempt; it alleged the doing of an act forbidden, and the punishment may be imprisonment for a definite period, of any or either defendant who may be found guilty. And, further, quoting from the opinion: "A punitive sentence appropriate only to a proceeding at law for criminal contempt where the contempt consisted in doing that which had been prohibited by an injunction, could not properly be imposed in contempt proceedings which were instituted, entitled, tried, and up to the moment of sentence, treated as a part of the original cause in equity."
Of course an order to show cause in the first instance may be made, but upon its return a trial shall be had by witnesses in open court, unless the respondent waives that requirement, either expressly or by implication. In re Hayden, 101 N.J. Eq. 361.
An injunction is defined to be a prohibitory writ to restrain one or more parties from doing, or permitting others under their control to do, an act deemed inequitable. 2 Bouv. Dict.
(Rawle's 3d rev.) p. 1569. Whether an order is a restraining order or a temporary injunction must be determined from its form and substance. The restraints which the order purports to impose, and not the name given to it, determines its true name and character. 32 C.J. 28. The order in this case said to have been contemned is in reality an injunction. It says inter alia that "the said receiver shall hold the said bonds, mortgages, securities and money until the final determination of this case and the further order of this court in the premises." It will be observed that the receiver is directed that he hold the securities until the final determination of the case and until further order; the act forbidden is, disposing of the securities until further order. The petitioner refers to the restraint as an "injunction." The order is what is called in practice an "injunctive order." *Page 153 
 In re Merrill, 88 N.J. Eq. 261, the prerogative court held that when the proceeding is of a criminal nature it may be instituted by the court of its own motion and heard in a summary way; it is not a motion in the cause or a step in the private litigation in which it arises, and semble it should not be framed and treated as a part of the civil cause.
In Brown v. Brown, 96 N.J. Eq. 428, this court held (at p.430), that the contempt was a criminal one, "and the law in such case is that the contempt is not a step in the prior litigation in which it occurs * * * it should be an independent proceeding."
In Passaic-Athenia Bus Co. v. Consolidated Bus Co., 100 N.J. Eq. 188,
this court held that the proceeding to punish for criminal contempt must be brought in a separate cause and not as a mere proceeding in a suit for relief. And, further (at p.192), and "infirmity that cannot be overlooked and one which must be considered fatal to the complainant on this proceeding is the failure to make it a separate cause instead of a mere proceeding in the suit for relief."
A proper title is: "In Chancery of New Jersey. In the matter of (naming the respondents) charged with contempt of court." And that is the usual and correct title.
Another thing: The petition avers certain facts on information and belief, without charging that they are true. This is defective pleading. In Riehl v. Riehl, 101 N.J. Eq. 15, this court held that allegations on information in a pleading should also state that the party believes them, and to be efficacious, must further charge them to be true; this is the rule in this court.
Still further, the affidavit of Mr. Godfrey is that he has "been informed and verily believes that Emerson L. Richards has delivered to A. Trevor Williams and Royden B. Davis (and/or their solicitors of record herein) the most part or all of the said securities and money, notwithstanding the injunction," c. Now, there is a rule of law that when it is permissible to make an affidavit on information and belief, the source of information and the grounds of belief must be stated. 2 C.J. 356. *Page 154 
In Penn Oil and Supply Co. v. Cohn, 116 N.Y. Supp. 124, it was said, at bottom of p. 126: "When courts and judicial officers are asked to act upon affidavits founded on information and belief, they must be furnished with the sources of the information in order that they may draw their own conclusions," citing cases. In the case at bar it must be apparent that the affiant at least knows the sources where, or the persons from whom, he received the information, and they should be the affiants, or the reason why they are not should be stated. It may be observed that chancery rule 257, subdiv. 4, provides that in suits for divorce the affidavit of description of defendant shall specify of what person inquiry was made, and if the inquiry has elicited information, c., it shall be accompanied by an affidavit of the person furnishing such information, disclosing affiant's knowledge, if such can be obtained. Here is a formal recognition that the rule of best evidence obtains. See Lasker
v. Lasker, 91 N.J. Eq. 352.
It will be recalled that the order asked for commands the defendants to appear and testify prior to its return. And it must also be recalled that the alleged contempt being one of a criminal nature, therefore, the defendants are entitled to all of the protection afforded defendants in like cases. That being so, if the order were made they could testify themselves on the hearing, if they chose, and might be cross-examined on the whole case; but they could never be compelled to give testimony against themselves. See State v. Zdanowicz, 69 N.J. Law 619.
The prayer of the petition must be denied for the following reasons: Because (1) the contempt alleged is not remedial, that is, is not a step in the litigation in which it occurs, but must be an independent proceeding, entitled "In Chancery of New Jersey, In the matter of (naming the respondents), charged with contempt of court;" because (2) the facts charged in the petition to be on information and belief must contain an averment that petitioner believes them and that it charges them to be true; because (3) an affidavit on information and belief must state the sources and grounds of *Page 155 
belief, and, if the person or persons furnishing the information will not make affidavit as to the facts, that or other reason why they are not witnesses should be stated; because (4) an order to show cause why the respondents should not be adjudged guilty of contempt and punished, cannot contain any order that they appear before a master and give evidence for the petitioner."
The prayer of the present petition must be denied. It will of course be without prejudice to the bringing of a proper action.
 SUPPLEMENTAL.
After the making of the above deliverance counsel for the petitioner came before the court with a new petition and affidavits complying with the requirements above set out, and obtained a proper order to show cause. The matter came on for hearing before Vice-Chancellor Backes, and at the conclusion of the trial he acquitted the defendants and discharged the order to show cause.