In the cause in chancery depending between Solomon Bernstein, complainant, and New Jersey Bankers Securities Company, defendant, an appeal was taken to this court from an order made in the court below, and Isadore Glauberman and the others above named in association with him, filed a joint brief in this court, and William C. Asper filed a separate brief in behalf of a stockholder-appellant, Ginsberg. Isadore Glauberman, Herman E. Botwinik and William C. Asper are counselors-at-law of this state, and Samuel Nirenstein, Charles E. Rhodes and Julius J. Nirenstein are counselors-at-law of the state of New York. The brief filed by Glauberman and those associated with him, and that filed by Asper, contain matters which are impertinent, scandalous and contemptuous of the power, authority and dignity of this court.
On the opening day of the October term, 1930, Messrs. Leber 
Ruback, counsel for the complainant-respondent in this court, brought to our attention the fact that the printed briefs signed, served and filed herein on behalf of the defendant-appellant by Glauberman and those associated with him, and the brief filed by Asper on behalf of the stockholder-appellant, contained matter and substance contumacious of this court, and prayed an order to show cause on the counselors-at-law preferring the briefs, charging them with contempt and ordering that they show cause, on a day named, why they should not be adjudged guilty of contempt of this *Page 386 
court for printing or causing to be printed, and for uttering, publishing and serving upon counsel for the respondent, and filing in this court the briefs containing the aforesaid matter and substance; and why they should not be punished therefor. The orders were made and served upon the respondents, in accordance with the directions for such service contained therein, and on the return day all of the respondents appeared, and being called upon to plead, the defendants Julius J. Nirenstein and William C. Asper pleaded guilty; Isadore Glauberman, Herman E. Botwinik, Samuel Nirenstein and Charles E. Rhodes pleaded not guilty, while acknowledging themselves to have authorized the use of their names on the brief, which they did not read.
The order to show cause against Glauberman and those associated with him contained seven excerpts from their brief in which the offensive and contumacious matters appeared. One has been selected at random, which will show the animus of counsel in this matter. It is:
"The court (below) committed a colossal error in refusing to permit the Equitable project, if the condition of this company was such that but sixty days thereafter, he (the vice-chancellor) thought that this company should be strangled and destroyed. The case in a `nutshell' resolves itself to the following: If not on the date of dismissal of Bernstein Suit No. 1, why now on July 25th, 1929?"
The order to show cause made against Asper contains twelve excerpts from his brief, in which the offensive and contumacious matters appeared. One has been selected at random in this matter. It is:
"Here, the court, without objection by the complainant's counsel, no longer plays the part of judex, that he (the vice-chancellor) talks about on page 178 of state of case, but acts as complainant's counsel, which he does throughout the entire proceeding."
The respondents Glauberman, Botwinik, Samuel Nirenstein and Rhodes, besides pleading not guilty, filed affidavits in the cause, and were represented by counsel, as were the other two *Page 387 
who had pleaded guilty. Counsel for the prosecution of this proceeding offered in evidence a letter written to them by the respondent Glauberman, as tending to disprove in a degree his affidavit.
It is unnecessary to cite the excusatory matters which the respondents set forth in their affidavits. Suffice it to say that on the hearing Hon. James F. Minturn and J. Emil Walscheid, Esq., of counsel for respondents, argued the cause, as did also Messrs. Leber Ruback, of counsel for the prosecution, and the court, upon perusal of the orders to show cause, briefs, affidavits and letter, and hearing the arguments of counsel, found Asper, Glauberman and Julius J. Nirenstein guilty as charged (Asper and Julius J. Nirenstein having so pleaded), and acquitted the other respondents (Botwinik, Samuel Nirenstein and Rhodes), passing a severe reprimand upon those who were acquitted for having confessedly permitted their names to be signed to a brief which was served and filed, without their reading or considering it, a thing unusual and most reprehensible.
An order was thereupon made against Asper, adjudging him guilty and imposing punishment upon him, namely, a fine of $250 for the use of the state, and suspending him from appearing in this court as counsel in any cause now pending herein, or which hereafter, and for the term of one year from the date thereof, may be pending in this court, and that during the year he be barred from submitting or filing any brief as counsel in this court; and that the brief filed by him herein be stricken from the files of this court and be not preserved with the record; leave being given to any counsel of this state (other than Asper), who may be retained by the appellant, represented by him, to file a proper brief herein within thirty days from the date of the order. Another order was made adjudging that Herman E. Botwinik, Samuel Nirenstein and Charles E. Rhodes are not guilty of the contempt charged against them; that Isadore Glauberman and Julius J. Nirenstein were each guilty as charged, and imposing a punishment upon them, namely, a fine of *Page 388 
$250 each for the use of the state and suspending them from appearing in this court as counsel, as in the case of Asper; and ordering that the brief filed by them herein be expunged and stricken from the files of this court and be not preserved with the record, leave being given to any counsel of this state (other than Isadore Glauberman, Herman E. Botwinik, Samuel Nirenstein, Charles E. Rhodes and Julius J. Nirenstein) who may be retained by the appellants, represented by them, to file a proper brief herein within thirty days from the date of the order.
The contempt committed in these two briefs is criminal, in which the respondents were entitled to all of the substantial rights of persons accused of crime, that are consistent with the summary nature of the proceeding and the processes of this court, one of which rights is that the incriminating testimony be given by witnesses subject to cross-examination and impeachment under the ordinary rules of evidence. See Staley v. South JerseyRealty Co., 83 N.J. Eq. 300, court of errors and appeals, wherein it was questioned whether the respondent in a criminal contempt could expressly or by acquiescence waive his right to be convicted by the testimony of witnesses subject to cross-examination; and that point was expressly left undecided. See page 305.
Now, these respondents appearing in person and by counsel, had the right to demand that the case against them be proved by legal evidence in open court subject to cross-examination, c. They made no such demand, and on the contrary, offered affidavits in an endeavor to exculpate themselves, and submitted without objection to the offer of the letter from Glauberman to Messrs. Leber Ruback; so thereby they waived the right afforded to them by law, and the court properly decided the case upon the record made before it by the parties, under the orders to show cause.
That the briefs signed, served and filed in this court in Bernstein v. New Jersey Bankers Securities Company are a contempt of this court is plain. In Bennett v. Piatt, 85 N.J. Eq. 602,
this court in a per curiam opinion said: "We regret *Page 389 
that we must add that the brief filed in this court by counsel for the appellants is of such a character as to deserve severe rebuke. It contains reiterated aspersions upon the character of eminent counsel who appeared below for the respondents, that are unwarranted by anything in the case. We appreciate the feeling that probably prompted counsel for the respondents to pass it by, but we cannot permit a brief of that character to go unnoticed. It will be suppressed and not preserved with the printed record of the case and the respondents' brief."
In A. Makray, Inc., v. McCullough, 103 N.J. Law 346, we held that the practice of inserting in briefs language which impugns the motives and conduct of the trial judge is very reprehensible and deserving of the strongest censure; and statements objectionable in that regard will not be considered; and that error cannot be intensified by hostility, and that invective is not argument.
In Percipio v. Ins. Co. of Penna., 103 N.J. Law 589, we held that language in a brief criticizing the trial court and the jury is a reflection upon that court and is unallowable in an appellate tribunal, and deserves severe censure. See, also, page591. See, also, Zober v. Turner, 8 N.J. Adv. R. 181, 182;148 Atl. Rep. 894, 895 (not yet officially reported); In reMerrill, 88 N.J. Eq. 261; Burrichter v. Wishnefsky,103 N.J. Law 340, 345.
The doctrine that a counselor-at-law is in contempt who has filed an impertinent, scandalous and contemptuous brief, has been so thoroughly established in this state that it is entirely unnecessary to cite the many cases in other jurisdictions which sustain that principle.
The contempt in the case at bar was one in facie curiae. In reWooley, 11 Bush (Ky.) 95, the supreme court of that state dealt with a contempt committed by the use of offensive language in a petition for the rehearing of a case. The court in the opinion says: "Wooley's offenses were committed in the presence of the court. The petition for a rehearing is not a pleading, but an argument addressed to the *Page 390 
court and to the individual members of the court. His statement was in most respects personal to himself, and was intended to be so considered. The petition was the counsel's argument in support of the motion for a rehearing, and the counsel, and not the client, is responsible to the court for the character of the argument and for the insinuations, imputations and charges which the petition may contain. Written or printed arguments, whether in the shape of briefs or petitions for rehearing, are filed in open court, are signed by counsel, and are addressed to the court just as oral arguments are addressed, and to incorporate into such arguments contemptuous, scandalous or insulting matter is to commit in open court an act constituting a contempt."
This proceeding is, of course, dissociated from the merits of the case of Bernstein v. New Jersey Bankers Securities Company, and being a criminal contempt is, as it must be, framed as an independent proceeding by itself; as has been done in this case. See Staley v. South Jersey Realty Co., 83 N.J. Eq. 300 (atp. 307). See, also, Dorrian v. Davis, 105 N.J. Eq. 147.
The presentation of contemptuous briefs has too often been employed; and the contempts contained in the briefs in this case are so flagrant that more is called for than mere admonition to counsel and the expunging of the briefs, to satisfy the ends of justice; and to stop the practice, it becomes necessary to adequately punish the contemnors. Hence the orders in this case. *Page 391