In re HARRY SINGER, charged with contempt of court.

[Argued February 16th, 1931.   Decided October 19th, 1931.]

*Mr. Russell E. Watson,* for the appellant.

*Mr. Paul W. Ewing,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

This is an appeal from a decree of the court of chancery adjudging appellant guilty of contempt of that court and imposing upon him a penalty, by way of punishment, of $50.

The facts are that appellant, a plumbing contractor, had a contract with the Bazim Construction Company, Incorporated, for the plumbing and heating work and fixtures in three buildings being erected by such company.   The lands upon which such buildings were being erected were mort-

gaged: defaults occurring under such mortgages, proceedings to foreclose same were instituted. Such proceedings were instituted May 11th, 1928; final decrees were entered November 22d, 1928. After final decrees were entered, and on November 23d, 1928, appellant removed from the buildings certain fixtures.

After sale on February 6th, 1929, under executions issued under the aforesaid final decrees, this removal of fixtures was discovered and the holder of a second mortgage, entitled by such decrees to participate in the funds raised by such sales, initiated these proceedings leading to the adjudication of contempt as against the appellant.

The court below held that this act of the appellant amounted to an unlawful interference with the proper execution of its legal processes and decrees because it went to destroy or remove the subject-matter of the litigation and therefore was a criminal contempt.

It seems apparent that the subject of the proceedings to foreclose a mortgage is the mortgaged premises.

It is said to be a contempt of court, "to willfully destroy, remove, conceal or dispose of the subject-matter of the litigation pending the proceedings." *9 Cyc. 8 ¶ D; 13 C. J. 9 § 11.*

The fact is that the appellant was called upon to answer for a criminal contempt; found guilty of the charge, and a fine was imposed as punishment.

The court below found that it had not been established that the appellant had actual knowledge of the foreclosure proceedings but held that having knowledge of the existence of the mortgages, he was thus put upon notice to inquire and such inquiry would have made known to him such proceedings and the final decrees thereunder and that he must therefore be deemed to have been in the same position as if he had actual knowledge thereof.

With this we disagree. The appellant was not a party to the foreclosure proceedings and therefore had no notice thereof by service of any process thereunder. It was not established that he had any other notice and so the court below held.

Now it seems to be the rule that "in order to punish a person for contempt of court for violation of an order, judgment, or decree of court, it must appear that such order, judgment or decree has been personally served on the one charged or that he has had actual notice of the making of such order or the rendition of such judgment or decree." *9 Cyc. 12 § 7; 13 C. J. 17 § 22; 6 R. C. L. 504 § 16.* The only exception cited in the last authority is an injunction abating the maintenance of a liquor nuisance where a lessee is bound by such decree although he is not a party to the proceeding; this being upon the theory that the judgment operates upon the property as well as upon the person of the defendant; and the lessee takes the property subject to the restriction and the burden imposed thereby. This is a situation radically and fundamentally different from that presented in the case before us.

And again there is a further rule: "Disclaimer of intentional disrespect or design to embarrass the due administration of justice is, as a rule, no excuse, especially where the facts constituting the contempt are admitted or where a contempt is clearly apparent from the circumstances surrounding the commission of the act. Disavowal of any intention to commit a contempt may, however, extenuate or even purge the contempt." *9 Cyc. 25; 13 C. J. 45 § 61.*

In the case before us the proofs upon the part of the appellant are clear that no contempt was intended and further that the removal of the property was at the suggestion of the president of the corporate owner of the mortgaged lands. This was denied, leaving the truth in doubt, but much in favor of the appellant.

Under all the circumstances, we conclude the acts of the appellant were not contemptuous and the judgment below should be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.