By an ex parte order, defendant was restrained from withdrawing any moneys which she might have in any bank or savings institution. The following day, she withdrew from the Postal Savings Bank $2,005. She has now been brought before the court to show cause why she should not be adjudged guilty of contempt in the premises and punished accordingly. Complainant testifies that the day the order was made, he served a copy on defendant. One, John Halko, testifies that at about the day mentioned by complainant, he called with complainant on defendant and saw complainant give her some papers; that he did not hear what was said. Defendant denies the service upon her, denies that she had ever seen Halko before he testified in court, and says that she had no knowledge of the order or even *Page 90 
of the pendency of the suit until several days after she had withdrawn the money from the bank.
The first question is whether the contempt charged is civil or criminal. A civil contempt proceeding is remedial and if imprisonment be ordered, it is coercive in character and must relate to something to be done by defendant, by the doing of which he may discharge himself. He "carries the keys to his prison in his own pocket." A criminal contempt is an offense against society and if imprisonment be adjudged, it is punitive in purpose and definite in character. "The distinction between refusing to do an act commanded (remedied by imprisonment until the party performs the required act) and the doing of an act forbidden (punished by imprisonment for a definite term) is sound in principle and generally, if not universally, affords a test by which to determine the character of the punishment." Staley v.South Jersey Realty Co., 83 N.J. Eq. 300; Dorrian v. Davis,105 N.J. Eq. 147. When this matter first came to my attention, I thought it a civil contempt and that, if defendant were guilty, the proper judgment would be imprisonment until she should make restitution. But on further reflection, I am satisfied that her counsel is correct in his contention that the contempt charged is criminal. If, with knowledge of the court's order, she drew the money, then her disobedience of the mandate is complete and irrevocable. By repentence and return of the money her guilt may be mitigated but not canceled, any more than the guilt of an embezzler who makes restitution.
The petition and order to show cause in contempt are entitled and filed in the same cause in which the restraining order was made. The proceeding to punish for criminal contempt must be made a separate cause and not a mere step in the suit for relief. Failure to make the contempt proceeding a separate cause must be considered a fatal infirmity. Passaic Athenia Bus Co. v.Consolidated Bus Co., 100 N.J. Eq. 188. A proper title of the contempt proceedings is "In the matter of [naming the respondents] charged with contempt of court." Dorrian v.Davis, supra. Because *Page 91 
of the defect of making this proceeding a step in the cause, the order to show cause must be discharged.
To forestall the bringing of a new proceeding properly entitled, I will consider another objection raised by counsel for defendant. The only evidence that defendant had knowledge of the restraining order is found in the testimony of her husband, the complainant. Counsel urges that this testimony was inadmissible because of the relationship between the parties. The hearing on a charge of criminal contempt is a criminal trial. It is a proceeding at law in which the defendant is entitled to all the substantial rights of a person accused of crime. She is presumed to be innocent and the prosecutor has the burden of proving beyond a reasonable doubt the truth of every material allegation of the charge. In re United Hatters, 110 N.J. Eq. 42. The rules of evidence applicable on the trial of indictments determine what evidence is admissible in the proceeding. Staley v. SouthJersey Realty Co., supra; In re Ries, 101 N.J. Eq. 315. By the common law, a husband or a wife is not competent to testify for or against the other. Chief-Justice Gummere, in State v.Marriner, 93 N.J. Law 273; 95 N.J. Law 265, pointed out that this rule is subject to exceptions and he referred to 30 Am. Eng. Encycl. L. 954, for a full collection of the cases in which the exception has been recognized. In that work, it is said: "This relaxation of the rule excluding husband and wife as witnesses for or against each other, is demanded by the necessities of justice but it extends no further than such necessities require, consequently, the exception is confined to cases of personal violence and endangering the bodily safety or liberty of the witness." Neither section 5 of the Evidence act (Comp. Stat. p. 2222), nor section 57 of the Criminal Procedure act (Comp. Stat. p. 1388), makes the husband competent to give evidence against his wife in this proceeding. Complainant is not a competent witness in a criminal contempt case to prove service of the restraining order on his wife.
A last point deserves attention. Counsel contends that the service of the order, if indeed made in the manner testified *Page 92 
to by complainant, was a nullity because service was effected by the husband. Except as otherwise declared by statute, a husband and wife are considered as but one person in legal contemplation; they cannot contract with each other or sue each other. The relations between them are confidential. It seems to me that these principles prevent effective legal service of process by one spouse upon the other. However, it was unnecessary that the restraining order be served to provide a basis for criminal contempt. "All that is required to enable the court to enforce obedience to its process is that the defendant should have knowledge of the order for the injunction. The court may punish the violation of the order though the injunction be not served, if it appear that the defendant knew of its existence." Haring
v. Kauffman, 13 N.J. Eq. 397; Cape May S.L.R.R. Co. v.Johnson, 35 N.J. Eq. 422; Kempson v. Kempson, 61 N.J. Eq. 303;In re Singer, 109 N.J. Eq. 103. My attention has been called toPerrine v. Broadway Bank, 53 N.J. Eq. 221, in which it was held that a party will not be in contempt by refusal to obey an order not properly served. The contempt there charged was civil, not criminal.