In December, 1930, the defendants, Edward J. Ryan and wife, purchased from complainant the premises described in the bill of complaint in this cause and entered into and retained possession thereof until June 14th, 1941. As part of the consideration for the purchase and to secure their bond, they executed a mortgage to complainant covering the conveyed premises. The bill herein was filed to foreclose that mortgage. A final decree was entered in favor of complainant for $10,631.54 debt and $319.20 costs, the mortgaged premises were sold to complainant April 16th, 1941, for $100 and defendants filed objections to confirmation.
By stipulation dated May 24th, 1941, and filed in this cause, the parties agreed as follows: that the defendants withdraw their objections to confirmation of sale; that they will vacate and surrender possession of the mortgaged premises *Page 250 
on or before June 15th, 1941, without committing any waste; that complainant, after inspecting the premises and finding no waste committed, will execute a covenant not to sue defendants on their bond for a deficiency and will surrender the bond on defendants vacating and surrendering the premises on or before June 15th, 1941. On May 26th, 1941, an order was entered striking the objections to confirmation and confirming the sale and directing the sheriff to execute his deed to complainant. The date of delivery of the sheriff's deed does not appear.
The mortgaged premises included a three-story building containing about forty rooms, erected in 1916 for use as a hotel and tavern and continuously used thereafter for such purpose, defendant Ryan being the operator thereof at the time of filing the bill herein and down to June 14th, 1941, when possession thereof was surrendered to complainant. Inspection of the hotel building that day, or the following day, disclosed that various articles had been removed therefrom, whereupon complainant filed his petition herein setting out an itemized list of sixteen or more articles removed, charging Ryan with having effected such removal and praying that he be adjudged guilty of contempt of court for causing damage to the mortgaged premises as the result of such removal. A hearing was had and testimony taken on behalf of the complainant and respondent Ryan under the order to show cause issued on said petition. Such testimony is conclusive that such of said articles as were shown to have been removed, were removed by Ryan who sought to justify removal on the ground that they were his personal property and were not fixtures belonging to the hotel property, or to the business there carried on.
Proceedings in contempt are divided into two classes, one criminal and the other civil, the latter being remedial in its nature, rather than criminal, as a method of affording relief as between the parties to a cause by protecting or enforcing private rights, and the relief afforded is imprisonment until the party adjudged in contempt does justice to his opponent. Dodd v.Una, 40 N.J. Eq. 672; Thompson v. Pennsylvania Railroad Co.,48 N.J. Eq. 105, reversed on other grounds, *Page 251 49 N.J. Eq. 318; Ashby v. Ashby, 62 N.J. Eq. 618; Staley v.South Jersey Realty Co., 83 N.J. Eq. 300. The proceedings here are in the nature of civil contempt and the relief complainant seeks is that Ryan be fined the amount of damage to the mortgaged premises caused by him and be directed to pay such fine to complainant, or be imprisoned until the fine is paid. Contempt proceedings are criminal in their nature and to hold a respondent guilty, there must be no reasonable doubt on the facts or on the law. Oscar Barnett Foundry Co. v. Crowe, 80 N.J. Eq. 109;affirmed, Ibid. 258; Larkin v. Local No. 560, c., 103 N.J. Eq. 195; In re Verdon, 91 N.J. Law 491.
Ryan as a mortgagor in possession is liable for any waste committed by him which resulted in diminution of the value of the mortgaged premises, but only to such extent as rendered the premises insufficient security for the mortgage debt. Schalk v.Kingsley, 42 N.J. Law 32; Tate v. Field, 57 N.J. Eq. 632;Eisenberg v. Javas, 100 N.J. Eq. 326. Complainant's evidence is that the removal of all the articles mentioned in his petition resulted in $2,500 to $3,000 damage to the mortgaged premises, but the evidence does not show that Ryan removed all those articles. It does show that some articles he removed were fixtures and that others were his personal property which he had the right to remove and that in removing his personal property, he did no substantial damage to the mortgaged premises. Therefore I am unable to fix the amount in money of the waste he caused to the hotel building. Complainant's petition does not allege that the damage caused by Ryan rendered the mortgaged premises insufficient security for the debt decreed to be due complainant, and he offered no proof of the value of the mortgaged premises (on which there were buildings beside the hotel) either before or after Ryan's acts were committed. The only evidence I have before me in that regard is the amount adjudged due complainant by final decree, the sheriff's sale for $100, the defendant's objections to confirmation on the ground that the sale was for a sum grossly insufficient and unconscionably inadequate, and that complainant was willing to forego suit against Ryan and wife for any *Page 252 
deficiency on his decree, provided the mortgaged premises were surrendered to complainant and no waste had been committed. I am, therefore, unable to say that such damage as Ryan caused to the mortgaged premises resulted in a diminution of the value thereof and caused loss to complainant by rendering the premises inadequate to satisfy complainant's decree, and consequently I cannot say that any fine should be assessed against Ryan for complainant's benefit, and I leave complainant to pursue such remedy at law as he may have against Ryan.
But civil contempt may be of such a character as to lead the court to deal with it as a matter affecting the dignity and authority of the court as well as affecting a private right.Ashby v. Ashby, supra. Ryan was a party to the cause and the court had acquired jurisdiction over him by its process and he had appeared and answered and his answer had been stricken. In that respect this case differs from In re Singer, 109 N.J. Eq. 103.
It cannot be denied that the court also had jurisdiction over the subject-matter of the suit, and while such jurisdiction continued any destruction of or meddling with the subject-matter was at Ryan's peril. The final decree and sale did not terminate jurisdiction which once acquired, is maintained for all purposes in order that complete justice may be done as between the parties. Ryan continued to hold possession as mortgagor under a filed stipulation, which was practically an agreement made in open court, not to commit waste and to surrender possession at a certain date. The court's order, following that stipulation directing the sheriff to deliver his deed to complainant, did not terminate the court's jurisdiction, for the court still had control over Ryan and the subject-matter through a writ of assistance to remove him from the premises, and this contempt proceeding is but another step in the cause to enforce the court's authority over him. His contention that he believed he was acting within his legal rights and had no intention to contemn that authority might be considered in mitigation of his unlawful act but will not excuse it. In re Ries, 101 N.J. Eq. 315; Ivens v. Empire Floor, c., Co., 119 N.J. Eq. 273. *Page 253 
While I am unable to determine that a fine should be imposed on Ryan for the benefit of complainant, the complainant was fully justified in citing Ryan to answer a contempt charge for an act affecting the dignity and authority of the court, and I shall adjudge him guilty of a contemptuous act toward the court and will fine him $50 to be paid to the clerk of this court for the use of the state and will also direct that he pay complainant his costs of this proceeding, in which shall be included a counsel fee of $100; all such sums to be paid within a time to be fixed after service on him or his solicitor, of a copy of the court's order and the taxed bill of costs. If payment is not made within said time, complainant may make application to me for an order committing him to jail until payment is made. *Page 254