This matter came before me on the return of an order to show cause why the defendants should not be adjudged guilty of contempt of this court and punished accordingly.
On February 11th, 1947, Vice-Chancellor Bigelow advised an order which, among other things, enjoined the defendants and their employees, c., from delivering to anyone other than the complainant certain heater plugs which were being manufactured by the defendants. The order also authorized the complainant, its officers, agents, c., to make reasonable inspection of certain moulds from which the said plugs were manufactured.
I heard the testimony pursuant to the practice in such cases.
The petition charges the defendants with a criminal contempt as distinguished from a civil contempt. An explanation of such contempts is found in the case of Wieczerzak v. Wieczerzak,115 N.J. Eq. 89, 90.
The petition and the order to show cause are entitled in the same cause in which the preliminary injunction was made. This is a fatal defect. The proceedings to punish for criminal contempt must be brought in a separate cause and should not be framed and treated as part of the civil cause. See Staley v. South JerseyRealty Co., 83 N.J. Eq. 300; In re Merrill, 88 N.J. Eq. 261, 267;Brown v. Brown, 96 N.J. Eq. 428, 430; Passaic-Athenia Bus Co.,Inc., v. Consolidated Bus Lines, Inc., 100 N.J. Eq. 185, 192;Dorrian v. Davis, 105 N.J. Eq. 147, 153; Wieczerzak v.Wieczerzak, supra. A proper title in criminal contempt proceedings is: "In Chancery of New Jersey. In the matter of (naming the respondents) charged with contempt of court." SeeDorrian v. Davis, supra; Wieczerzak v. Wieczerzak, supra.
Since the defect is fatal, the order to show cause must be discharged.
Assuming that the proceedings were not defective, I am of the opinion that the order to show cause in contempt dated *Page 93 
April 11th, 1947, should be discharged. A proceeding of this nature is a criminal trial. The fact that it is tried before a single judge does not change the principles which are applicable when a trial is upon an indictment found by a grand jury. A presumption of innocence inures in favor of the respondents. In order to hold a respondent guilty, there must be no reasonable doubt as to the facts or the law. See In re United Hatters ofNorth America, 110 N.J. Eq. 42; Laurie v. Ryan, 130 N.J. Eq. 248,251; First Corporation, c., v. Washington Pharmacy, Inc.,132 N.J. Eq. 490, 491.
I have considered the testimony and examined the affidavits, and reached the conclusion that the petitioner has failed to sustain the burden of proving the guilt of the respondents beyond a reasonable doubt.
The order to show cause in contempt will be discharged. *Page 94